# The People of the State of Illinois ex rel. James Walsh, Appellant, v. City of Chicago et al., Appellees.

## Gen. No. 27,458.

1.  OFFICERS AND PUBLIC EMPLOYEES—*cancellation of eligible list by Civil Service Commission after two years*. The Chicago Civil Service Commission, under the Civil Service Act providing that the names of candidates may be stricken from the register after they have remained thereon for more than two years, Cahill's Ill. St. ch. 24, ¶ 694, and its rule 3, sec. 6, providing that eligible registers shall expire by limitation in two years and one day from the date of posting, has the right to cancel an entire list of eligibles to the office of sergeant of police where all the names thereon have been on the list longer than two years, especially where, by contemporaneous construction, its right so to do has long been exercised; and such cancellation terminates the rights of persons on such lists to promotion thereunder.

2.  OFFICERS AND PUBLIC EMPLOYEES—*when change of duties of police officers not unauthorized promotion under Civil Service rules*. The provisions of the Civil Service Act and of the rules of the Chicago Civil Service Commission requiring promotional examinations and that vacancies be filled from the next lower grade or rank are not violated by the superintendent of police of that city by assigning to duty as desk and patrol sergeants persons theretofore serving as detective sergeants, all of such positions being "sergeants of police" within the meaning of Civil Service rules, the qualifications, examinations, duties and salaries being substantially the same, especially under an ordinance abolishing all distinction between detective, patrol and desk sergeants; and such transfer does not deprive transferred officers of duty in the uniformed service, nor constitute a promotion of ineligibles to the position of sergeant of police.

Appeal from the Circuit Court of Cook county; the Hon. IRA RYNER, Judge, presiding. Heard in this court at the October term, 1921. Affirmed. Opinion filed October 30, 1922. *Certiorari* denied by Supreme Court (making opinion final).

A. D. GASH, for appellant.

SAMUEL A. ETTELSON and BUSCH, LEESMAN &

Roemer, for appellees; Gilbert G. Ogden and Elmer M. Leesman, of counsel.

Mr. Justice Dever delivered the opinion of the court.

The petitioner, People of the State of Illinois, on the relation of James Walsh, filed in the circuit court of Cook county a petition for a writ of mandamus to compel the superintendent of police of the City of Chicago to notify the Chicago Civil Service Commission of vacancies to be filled in twenty-seven offices of sergeant of police, to compel the Civil Service Commission to certify to the superintendent of police twenty-seven names from an alleged eligible register posted in the office of the Civil Service Commission and to compel the superintendent of police to appoint the persons so certified to the said twenty-seven offices.

From a stipulation of facts it appears that a civil service examination was held for the office of sergeant of police; that on April 4, 1917, a register was posted in the office of the Civil Service Commission containing the names of persons who had successfully passed the examination; that except as to six contenders, whose names because of military service were placed above his, the relator's name appeared first upon this list; that no subsequent examinations were held for this office until August 12, 1920; that appropriation ordinances passed by the City Council of the City of Chicago provided for only two classes of sergeants, i. e., detective sergeants and sergeants; that an ordinance was passed June 1, 1911, which abolished all distinction between patrol, desk and detective sergeants, but which retained the classification of sergeant and detective sergeant.

It was further stipulated that the latest appropriation ordinance of the City of Chicago with respect to the department of police shows that salaries were not provided for detective sergeants; that the classifica-

tion of sergeants is into three grades; that the first grade includes sergeants formerly appropriated for as sergeants of police, and the second grade those appropriated for as detective sergeants.

It is gathered from the brief filed on behalf of the relator that his position is that the superintendent of police has illegally promoted twenty-seven persons to positions of sergeant of police, contrary to the Civil Service Law, and that the promotions should have been made from the eligible list posted upon April 4, 1917. This entire list was canceled by the Civil Service Commission on August 12, 1920, and no other eligible register for the position of sergeant of police was posted thereafter. The list of April 4, 1917, was made up of names of police patrolmen who had taken and passed a civil service examination for the office of sergeant of police. It also appears by stipulation that the superintendent of police on December 23, 1920, by order assigned respondents and others who were then occupying positions as detective sergeants in the department to positions as desk sergeants and patrol sergeants; that since the assignment the said respondents have been performing patrol and desk duty and are receiving the salary provided for detective sergeants.

The petitioner appeals from a judgment entered in the trial court in favor of the respondents.

For the relator it is contended that the eligible list posted April 4, 1917, is still in force. It is agreed that the entire list was canceled August 12, 1920, and that no eligible register was thereafter posted. The Civil Service Law does provide, as contended, that vacancies in the class of sergeant of police shall be filled by promotion, and it was held in the case of *People ex rel. Williams v. Errant*, 229 Ill. 56, that the Civil Service Commission could be compelled by mandamus to hold promotional examinations for the purpose of filling such vacancies. The Civil Service Act [Cahill's Ill.

St. ch. 24, ¶ 694] provides that the commission may strike off names of candidates from the register after they have remained thereon for more than two years, and it is argued that this law confers no authority on the commission to cancel an entire eligible register.

Section 6 of rule 3 of the Civil Service Commission is as follows:

"Eligible registers shall expire by limitation of time in two years and one day from the date of posting thereof, unless the commission before the expiration of such time on any register shall order otherwise."

The statute gives to the commission the undoubted right to strike from an eligible list all names appearing thereon for a period of more than two years. It will be conceded that the commission had ample power to strike names from the list that had remained thereon for more than the two-year period, and it follows of necessity that where all the names on the list have remained thereon for more than the statutory period the commission would have the power to strike all of the names therefrom. This would in effect amount to a cancellation of the entire list. The law does not in express language nor by implication forbid the cancellation of the entire list. The power given is to strike all names from the list that have been thereon for more than two years, and this power authorized the commission to cancel the entire list. The language of the statute is not ambiguous, but even if it were and if we were compelled to apply the rule of contemporaneous construction, the record sufficiently indicates that the Civil Service Commission has on several occasions canceled entire eligible lists. On certain of these occasions it has at the same time posted new lists, but it has more frequently exercised the privilege of cancellation without posting lists to take the place of those canceled.

In the case of *Carson v. City of Chicago*, 189 Ill. App. 247, the court said:

"There was a rule of the Civil Service Commission in force at the time the vacancy occurred, appointment to which the petitioner demands, providing that all eligible lists resulting from any examination should be canceled in two years and a day from the date of the posting thereof. It was a reasonable rule in our opinion, and in any event was made under an express power granted to the commission by the legislature (section 10 of the Act of 1895). Its existence is alleged in the pleadings of the defendant."

In the case of *Story v. Craig,* 231 N. Y. 33, the court held:

"Doubt, however, if it might otherwise exist, is dispelled by a practical construction that is continuous and uniform. * * * The commission presumably knew its own rules and understood them. Yet successive boards, year after year, examined and promoted applicants, and certified pay rolls, without suggestion or suspicion that omission from the schedule had nullified their action. * * * We do not readily overturn the settled practice of years."

In *Mann v. Tracy,* 185 Cal. 272, 196 Pac. 484, it was said:

"This argument disregards the fact that the commission, at the end of two years after each has been prepared, may, upon no other consideration than that it has been in force for two years, pass a resolution expunging it. The law does not require idle acts, and, since the commission might by repeatedly passing *mutatis mutandis,* the same resolution at the expiration of two or three years after successive lists were made, under its power to make rules, it might have adopted a general rule that successive lists should expire at the ends of such periods."

It is our opinion, therefore, that the Civil Service Commission did not exceed its powers when it canceled the eligible list of April 4, 1917, and whatever may be said about other questions presented in defense of the right claimed by relator, this holding is sufficient to put an end to his rights as claimed under his petition.

There is another sufficient reason, however, why the relief prayed for by relator cannot be granted. The superintendent of police, as a matter of fact, on the record before us neither attempted to nor made promotions to the office of sergeant of police. He, of course, would have no right or power to promote men from one office to another who had not complied with the Civil Service Act or rules of the Civil Service Commission. Section 3 of the Civil Service Law [Cahill's Ill. St. ch. 24, ¶ 687] provides that the Civil Service Commission shall classify all offices and places of employment in the city "with reference to examinations hereinafter provided for." Section 9 of the Act [Cahill's Ill. St. ch. 24, ¶ 693] provides for promotional examinations in the classified service on the basis of ascertained merit and seniority. The rules of the commission and section 9 of the Act provide that vacancies shall be filled from the next lower rank or grade.

In the case of *People ex rel. Loftus v. Frasier,* 214 Ill. App. 664, this court said:

"We are unable to see any sufficient reason for holding that detective, patrol and desk sergeants are not employed in the same line and character of work as that performed by a uniformed lieutenant of police. Police work generally has to do with a service which has for its and the protection of the public; its principal service is rendered in the prevention and punishment of crime. There is obviously required in this service such division of labor as will best tend to promote the efficiency of the service. The service required of desk and patrol sergeants has not been changed since the passage of the Civil Service Act.

"It is conceded that patrol and desk sergeants are in the same line and character of work, and this notwithstanding the fact that each is employed in the performance of a distinctly different service in the department. The evidence shows that patrol sergeants and detective sergeants are generally employed

on outside work in the investigation of crime and criminal complaints, while the desk sergeant's work is the keeping of records and accounts within the police stations. There is some apparent detail difference in the work performed by detective sergeants and patrol sergeants, but we do not think that this difference is so marked as that between patrol and desk sergeants. * * *

"While there is some difference in the duties re- quired of the different kinds of sergeants appropriated for, this difference is not of such character as would warrant a finding that each was engaged in a line or character of work different from that of the others. * * *

"We are inclined to the view that for the purpose of classifying the different positions with respect to promotional examinations, the Civil Service Act vested discretionary power in the Civil Service Commissioners, and that in exercising this power and in determining the rank or grade of the positions in question the respondents were not necessarily required to grade such positions strictly in accordance with the salaries appropriated therefor. Respondents were authorized in making such classification to take into consideration other matters and things in fixing the grades or ranks. *People ex rel. Williams v. Errant,* 229 Ill. 56."

Following the holding in the *Loftus* case, it is our opinion that detective, patrol and desk sergeants are employed by the city in the same line and character of work; that the term "sergeant of police" as used in the pleadings here includes desk, patrol and detective sergeants. We can see no legal reason for classifying the police department into a uniformed or nonuniformed classification. An ordinance of the City of Chicago provides that:

"All distinction heretofore existing between the positions of detective sergeants, patrol sergeants and desk sergeants hereby is abolished, and all such positions shall hereafter be known as 'sergeants.'"

The appropriation ordinance passed by the City

Council in 1921 includes an appropriation for all police sergeants, including detective sergeants, in one item. We are unable to agree with counsel for relator that the order of the superintendent of police transferring the twenty-seven sergeants from one duty to another precludes the latter from any right to be employed in a uniformed service. As head of the department the superintendent of police has the duty of operating his department in such manner as would furnish the highest degree of protection to the public. By his order transferring the twenty-seven sergeants, he neither promoted nor demoted them in the classified service of the city. The change did not cause them to be employed in a line of work essentially different from that in which they were formerly engaged. It did not cause a change in their salaries, and we are convinced that there is nothing in the Civil Service Law or rules of the commission that is intended to deprive the head of the department of so essential a power as that exercised when the transfer of respondents was made. The record shows that examinations for positions as police sergeants, whether desk, patrol or detective sergeants, are of the same general character. They are each and all engaged in the same line and character of work, and for this reason the head of the department ought to be given the power to compel the members of the department employed in this service to interchange.

Other questions are presented in the briefs of counsel which need not be considered in this opinion, as our holding that the eligible list posted April 4, 1917, was not in force when the petition herein was filed, and that the superintendent of police by his order had in fact made no promotion in the classified service, puts an end to the rights claimed by the relator in his petition.

The judgment of the circuit court will be affirmed.

*Affirmed.*

McSurely, P. J., and Matchett, J., concur.