The People of the State of Illinois ex rel. Andrew H. Richards et al., Appellants, v. James P. Allman et al., Appellees.

Gen. No. 38,970.

Opinion filed April 5, 1937.   Rehearing denied April 19, 1937.

JOHN S. FLANNERY, of Chicago, for appellants.

DANIEL F. MURPHY, RICHARD LEFEBURE and ANDREW P. SCHOENBERGER, all of Chicago, for (defendants) separate appellants.

BARNET HODES, Corporation Counsel, QUIN O'BRIEN, Assistant Corporation Counsel, MICHAEL F. RYAN, WILBERT V. DUNNE and JOHN R. McSWEENEY, all of Chicago, for appellees.

MR. JUSTICE O'CONNOR delivered the opinion of the court.

On August 26, 1933, Andrew H. Richards filed his petition praying that a writ of mandamus issue against the civil service commissioners and other city officials to compel them to certify his name so that he could be appointed sergeant of police, he having theretofore successfully passed a promotional examination for this position.   Afterward a number of other patrolmen who had successfully passed the examination filed

their petitions and joined Richards in his action, and later a great many more of the patrolmen filed what they designated a counterclaim. The purpose of all these petitions, amendments and counterclaim was to have their names certified for vacancies in the office or position of sergeant of police of Chicago. After various other pleadings, which will be hereinafter mentioned, were filed defendants filed a written motion to dismiss the suit. The motion was sustained, the suit dismissed, and 179 of the patrolmen who sought relief prosecute this appeal.

The record contains 460 pages and except for a few orders is made up of the pleadings, petitions, amendments and the counterclaim. On this account it is difficult to sift out the few essential matters. It is obvious from their bulk that they are exceedingly verbose and most of the allegations entirely unnecessary. In cases of this kind there are but few essential allegations in a petition for mandamus, although we admit the practice has been otherwise. *O'Brien v. Frazier*, 228 Ill. App. 118.

In the instant case the civil service commissioners held a promotional examination for the office or position of sergeant of police which, under the law, was open only to civil service patrolmen. The examination was successfully passed by 479 patrolmen and their names were placed on a list by the civil service commissioners in the order in which they passed. The list was posted March 10, 1931. The percentage of each man was given. There were some vacancies in the rank of sergeant, but on account of the depression the vacancies were not filled. The first certifications made from the list were on April 21, May 6, and June 7, 1933; a total of 63 were certified in the order in which their names appeared on the list and apparently took their positions as sergeants of police.

June 15, 1933, the Civil Service Commissioners entered an order canceling the list, and counsel for Richards in his brief says that after the attempted cancellation of the list 60 patrolmen, whose names appeared on the posted list, obtained writs of mandamus from the circuit and superior courts of Cook county. The names on the list were in numerical order, from 1 to 479, and counsel say that the 60 who obtained the writs of mandamus were numbered from 64 to 472 and that 30 of these 60 were properly awarded writs, but that the other 30 obtained the writs through fraud and imposition on the courts. A great deal of argument is made tending to sustain counsel's position.

Counsel contends that the Civil Service Commission was not authorized to cancel a promotional list and therefore the attempted cancellation was void, and that when vacancies occurred the names appearing on the list, in the order in which they appeared, should be certified to fill such vacancies. In support of this contention it is said that the applicable provisions of the Civil Service Act are ch. 24, secs. 9 and 10, ¶¶ 693 and 694, Ill. State Bar Stats. 1935; Jones Ill. Stats. Ann. 23.048, 23.049 (Smith-Hurd Ill. Rev. Stats. 1935, ch. 24½).

Section 9 provides that the Civil Service Commission shall by its rules provide for promotions in the classified service on the basis of ascertained merit, seniority in service and examination, and "in all cases where it is practicable, that vacancies shall be filled by promotion," that such examination shall be competitive among such members of the next lower rank as desire to submit themselves for such examination, and it is made the duty of the commission to submit to the appointing power "the names of not more than three applicants for each promotion having the highest rating. The method of examination and the rules governing the same, and the method of certifying, shall

be the same as provided for applicants for original appointment." And by section 10 it is provided that the head of the department in which a classified position is to be filled shall notify the commission of that fact and the commission certify to the appointing officer "the name and address of the candidate standing highest upon the register for the class or grade to which said position belongs. . . . The appointing officer shall notify said commission of each position to be filled separately, and shall fill such place by the appointment of the person certified to him by said commission . . . which appointment shall be on probation for a period to be fixed by the rules. Said commission may strike off names of candidates from the register after they have remained thereon more than two years." Counsel say there is no provision in section 9 for canceling a promotional list and that the provision in section 10 providing that the commission may strike off the names on the list after they have remained thereon for more than two years applies only to original examinations. We think this contention cannot be sustained. *People ex rel. Walsh v. City of Chicago*, 226 Ill. App. 409; *People ex rel. Lynch v. City of Chicago*, 271 Ill. App. 360; *People ex rel. Jahn v. City of Chicago*, 279 Ill. App. 624.

In the *Walsh* case a petition for a writ of mandamus was filed by Walsh, who as patrolman had successfully passed a promotional examination for the office of sergeant of police of Chicago, to compel the Civil Service Commission to appoint the persons whose names appeared on the original list posted by the commission. It was contended that the superintendent of police had illegally promoted 27 persons to the positions of sergeants of police contrary to the Civil Service Law, and that such promotions should have been made from the eligible list posted April 4, 1917. It further appears that the eligible list in that case

was canceled by the Civil Service Commission on August 12, 1920. The court held that the list was properly canceled under the statute and a rule of the Civil Service Commission, and therefore Walsh was not entitled to a writ of mandamus. The court there said (p. 412): "The statute gives to the commission the undoubted right to strike from an eligible list all names appearing thereon for a period of more than two years. It will be conceded that the commission had ample power to strike names from the list that had remained thereon for more than the two-year period, and it follows of necessity that where all the names on the list have remained thereon for more than the statutory period the commission would have the power to strike all the names therefrom. This would in effect amount to a cancellation of the entire list." The section of the statute referred to in that case is section 10 above quoted from.

In the *Lynch* case (271 Ill. App. 360) a police patrolman who had successfully passed a promotional examination for sergeant of police filed his petition for a writ of mandamus. The defendants filed a demurrer to the petition, which the court overruled. They stood on their demurrer, the writ was issued and an appeal followed, where the judgment of the trial judge was reversed and the cause remanded, the court holding that under section 10 the Civil Service Commission might cancel an eligible list. In that case the eligible list was posted December 24, 1927, and was canceled by the Civil Service Commission on January 2, 1930. The petitioner contended that the commission in canceling the list did so "wrongfully, illegally and arbitrarily" and "changed that list so as to place the names of others thereon, and whose stated grades were lower than petitioner's grade, ahead of petitioner's name," and afterward certified such names for appointment as sergeant of police. The court said

(p. 370): "Because of a provision contained in section 10 of the 'Act to regulate the civil service of cities' (Cahill's St., ch. 24, par. 694) it is apparent that said cancellation of the list was lawful and proper."

In the *Jahn* case, 279 Ill. App. 624 (abstract opinion), a fireman who had successfully passed a promotional examination for a position as captain and whose name was on the posted eligible list, filed a petition for writ of mandamus to compel the certification of names appearing on the list to fill vacancies. The list was posted August 30, 1929, and was canceled September 3, 1931. A demurrer was sustained to the petition, the action was dismissed and Jahn appealed. It was held that the list was properly canceled because the cancellation was more than two years after the list was posted. The court there quoted with approval from the *Lynch* case (271 Ill. App. 360) and continuing said: "The fact that there was a vacancy at the time the list was cancelled, in our opinion does not vitiate the right of the Civil Service Commission to cancel the list."

The opinion in the *Walsh* case (226 Ill. App. 409) was filed October 30, 1922, and it has been uniformly held by this court since that time that the Civil Service Commission may, after two years, properly cancel a list posted as a result of a promotional examination.

We are further of opinion that the court properly sustained defendants' motion to strike the several petitions, amendments, and counterclaim, on the ground that the men seeking the writs were guilty of gross *laches*. It is the law that where one seeks a writ of mandamus in a case such as the one at bar, he must not only act promptly in beginning his action but he must also see that it is expeditiously prosecuted as well. *People ex rel. Lynch v. City of Chicago*, 271 Ill. App. 360, and *People ex rel. Jahn v. City of Chicago*, 279 Ill. App. 624.

A few facts will demonstrate the *laches* of the parties seeking the writs here. June 15, 1933, the list was canceled and on August 26, 1933, Richards filed his petition. A demurrer was interposed which was overruled October 21, 1933. About ten months thereafter, August 23, 1934, the defendants filed a plea averring that since the last continuance the circuit and superior courts had issued writs of mandamus compelling defendants to certify the names of certain individuals whose names appeared on the list. On September 5, 1934, plaintiff demurred to this plea but apparently the demurrer was never called up and about ten months thereafter, July 5, 1935, plaintiff filed a replication to the plea. September 30, 1935, John G. Bowen and a number of others who had successfully passed the examination were by order of court made coplaintiffs, and on November 22 following, other parties whose names appeared on the list were given leave to intervene as parties plaintiff. On December 20, 1935, certain other persons whose names appear on the list and who had been summoned as defendants were given leave to join as plaintiffs. January 3, 1936, certain amendments to the petitions were allowed and other amendments permitted on January 7th. January 22, 1936, Edward Flannery and others filed what they designate a counterclaim. They did not ask or receive any permission of the court to file this document. January 11th the defendants filed a motion in the nature of a demurrer to strike all the petitions and the amendments thereto, which was allowed. The suit was dismissed and the appeal taken.

From the foregoing, which is but a partial statement of what was done in the case, it appears that the list was canceled June 15, 1933, and although Richards filed his petition on August 26, 1933, which was about two months thereafter, yet we find pleadings were filed in the case two and one-half years thereafter. In the

*Lynch* case (271 Ill. App. 360) in discussing the question of *laches* the court said (p. 371): "Furthermore, we are of the opinion that the petition shows on its face such *laches* on petitioner's part as is a bar to the relief as prayed. If he was improperly and unlawfully displaced from his proper position on the eligible list, by the advancement and certification of others lower on the list, then he should have taken steps by appropriate suit before said list became more than two years old and was canceled on January 2, 1930. He does not show by proper allegations any excuse for the delay." And in the *Jahn* case (279 Ill. App. 624) the court said: "We believe that the second position taken by defendants, namely, that the petitioner was guilty of *laches,* is well founded. A writ of mandamus is not a matter of absolute right. The court still has a right to exercise its discretion in ordering the writ and if the right is doubtful it may be refused. *Kenneally v. City of Chicago,* 220 Ill. 485. The reason offered for the delay in the filing of the petition is not sufficient, in our opinion, to justify the action of the petitioner in delaying his application for the writ."

In *People ex rel. Oberhart v. Durkin,* 285 Ill. App. 156, it was held that one who seeks a writ of mandamus, as in the instant case, must show that he had been diligent not only in instituting but in prosecuting his action.

In none of the cases cited was the delay in prosecuting or in filing the intervening petitions, the amendments thereto and the counterclaim as aggravated as in the instant case. The intervening petitioners and counterclaimants seek to excuse the delay on the ground that they did not become aware of the fraud in the action of some of the defendants in certifying names from the list which were lower on the list than others, because "the fraud was not fully consummated until the appointment of these men," which was in Septem-

ber, 1935, when the names were taken from an alleged reinstatement list made by the Civil Service Commission. There is no such allegation made by Richards in his petition, nor in the other petitions. Some of them charged that they learned "of recent date" of the filling of the vacancies; and Richards, who filed his petition in August, 1933, could not sit by for more than two years without being guilty of *laches*. The other parties knew that the list had been canceled June 15, 1933.

For the reasons stated the judgment of the circuit court of Cook county is affirmed.

*Judgment affirmed.*

MATCHETT, P. J., and McSURELY, J., concur.