People of the State of Illinois ex rel. Frank Abraham et al., Appellants, v. James P. Allman et al., Appellees.

**Gen. No. 40,457.**

Opinion filed February 27, 1939.  Rehearing denied March 24, 1939.

JOHN S. FLANNERY, of Chicago, for appellants.

BARNET HODES, Corporation Counsel, for appellees; FRED V. MAGUIRE, CARL H. LUNDQUIST, ALEXANDER J. RESA and L. LOUIS KARTON, Assistant Corporation Counsel, of counsel.

MR. PRESIDING JUSTICE BURKE delivered the opinion of the court.

On April 14, 1938, plaintiffs, who are 115 patrolmen in the classified service of the department of police of the city of Chicago, filed their complaint in the superior court of Cook county praying that they be granted a writ of mandamus commanding defendants to appoint each of them to the rank of sergeant in the police department of the city. On May 9, 1938, defendants filed a motion to strike the writ of mandamus and to dismiss the suit. The motion set up as a ground for defense that the action was barred under the doctrine of *res judicata* by virtue of the proceedings culminating in the opinion filed in the case of *People ex rel. Richards v. Allman,* 289 Ill. App. 586. The motion also set up other defenses, including laches. On June 8, 1938, defendants, without having withdrawn the previous motion, filed a motion to dismiss. The second motion urged that the action be dismissed for the reason that it was barred by a prior judgment involving the same cause of action, the same parties, and the same relief as covered by the opinion filed on April 5, 1937, in the case of *People ex rel. Richards v. Allman, supra,* reported in 289 Ill. App. 586. To the motion was attached a copy of the opinion of this court and of the petition for leave to appeal filed in the Supreme Court and the

answer thereto. Accompanying the written motion was an affidavit by Carl Hjalmar Lundquist, an assistant corporation counsel of the city of Chicago and one of the attorneys for the defendants herein, in which he states "that he has examined all the pleadings in the cases referred to in the attached motion; that he has read the above and foregoing motion by him subscribed; that he knows the contents thereof and that the averments contained therein are true in substance and in fact to the best of his knowledge and belief, and that in his opinion said motion to dismiss is well founded in law, and he avers that said motion to dismiss is not interposed for delay." On June 14, 1938, John S. Flannery, in behalf of plaintiffs, filed an affidavit in opposition to the motion of defendants. After hearing arguments, the court, on June 17, 1938, entered an order sustaining defendants' plea of *res judicata* and dismissed the cause. The court did not rule on defendants' first motion to strike. Plaintiffs maintain that the filing of the subsequent motion (on June 8, 1938) amounted to an abatement of the previous motion. Defendants reply to that argument by saying that the two motions were set for hearing on the same day and that although the court entered its judgment based on the *res judicata* point (the only point urged in the second motion), defendants have not waived the defense of laches raised in the first motion. The petition to the Supreme Court for leave to appeal was denied and therefore the opinion reported in 289 Ill. App. 586 stands as final. Plaintiffs prosecute this appeal from the judgment of the court dismissing their petition for a writ of mandamus.

There is no substantial disagreement as to the facts, which are set forth in the case of *People ex rel. Richards v. Allman, supra*, 289 Ill. App. 586. All of the parties plaintiff here were parties to the previous case (which we will hereafter allude to as the *Richards* case). In

that case some of them appeared as plaintiffs, some as coplaintiffs, some as intervening petitioners, some as defendants, and some as counterclaimants. A thorough examination of the record in the *Richards* case and the pleadings in the instant case convinces us that under the doctrine of *res judicata* whatever was passed on in the *Richards* case is binding on the parties in the present case. In the *Richards* case we decided that the action of the civil service commissioners on June 15, 1933, in canceling promotion list 4701 (on which the names of plaintiffs herein appeared) was authorized. Plaintiffs urge that the action of the civil service commissioners in obeying writs of mandamus, whereby a large number of men on the list were appointed as sergeants after the list had been thus canceled, reinstated the list. The answer to that contention is that in the *Richards* case we decided that the commissioners were within their rights in canceling the list. The list on which plaintiffs base their rights is *functus officio,* and plaintiffs have not called our attention to any statute or authority which holds that a list that has been canceled, as this one was, can be revived by any act of the commissioners. We have carefully examined the records in the 2 cases and the points argued and find that the trial court properly sustained defendants' contention that the action was barred under the principle of *res judicata.*

Plaintiffs argue that the motion on which the court acted was unsupported by an affidavit as contemplated by section 48 of the Civil Practice Act (sec. 172, ch. 110, Ill. Rev. Stat. 1937). Our quotation from the affidavit of Mr. Lundquist shows that there was an affidavit. The facts were based entirely on records available to all the parties and in our opinion the affidavit was sufficient. Furthermore, the record shows that plaintiffs filed a counter-affidavit and did not object

nor make any point that defendants' motion was not supported by a proper affidavit. Therefore, even though a proper affidavit were not attached, such failure of plaintiffs to object amounted to a waiver of the point.

Plaintiffs maintain that the burden of proving the defense of *res judicata* is on the parties raising it. That statement is correct. As pointed out, the proof consists entirely of matters of record and the dispute arises as to the conclusions to be arrived at from the record. We have already pointed out that the records establish the defense of *res judicata*.

Plaintiffs assert that where a cause of action is imperfectly or insufficiently pleaded the judgment therein does not bar a subsequent cause of action well pleaded. In the *Richards* case the cause of action was not defectively pleaded. That opinion involved the construction to be placed on various sections of the Civil Service Act (ch. 24½, Ill. Rev. Stat. 1937 [Jones Ill. Stats. Ann. 23.001 *et seq.*]).

Our perusal of the records, abstracts and briefs filed in the 2 cases and the opinion in the *Richards* case convinces us that the instant action is barred by the previous judgment.

We have considered other points that have been urged by counsel, but in view of what has been said it is unnecessary to further extend this opinion.

For the reasons stated, the judgment of the superior court of Cook county is affirmed.

*Judgment affirmed.*

JOHN J. SULLIVAN and FRIEND, JJ., concur.