Oscar S. Zeigler et al., Appellants, v. William C. Heyl, Appellee.

Term No. 48F10.

Opinion filed April 23, 1948. Released for publication May 28, 1948.

JESSE R. BROWN, of Edwardsville, for appellants.

HARRY E. JACKSON and WEIHL & WEIHL, all of Waterloo, for appellee.

MR. JUSTICE BARDENS delivered the opinion of the court.

This case comes to this court on appeal from an order entered by the circuit court of Monroe county, Illinois, denying the petition of one Oscar S. Zeigler and fifteen other persons who are alleged to be residents, citizens and taxpayers and legal registered qualified voters of said Monroe county, praying the issuance of an injunction to restrain the defendant ap-

pellee, hereinafter referred to as defendant, from entering upon the duties of the office of county superintendent of schools of said county, and for a declaratory judgment to determine the rights of the office.

By the complaint of plaintiffs appellants, hereinafter referred to as plaintiffs, it is alleged that the defendant, Heyl, ''cannot qualify and is not qualified to enter upon the duties of the office of county superintendent of schools of Monroe county, Illinois, as he has not at any time during the two preceding years before the election on November 5, 1946, been actively engaged in teaching or supervising in the public schools of the State of Illinois, and he does not now hold, and did not then hold a valid state limited supervisory certificate or a valid state life supervisory certificate . . . and that irreparable injury will be done to the plaintiffs and all persons similarly situated, and to the people of Monroe county,.and the public schools of Monroe county, and to the pupils of the public schools of Monroe county, and to the people of the State of Illinois for the reason that plaintiffs and all other persons similarly situated do not have an adequate remedy at law,'' and prays ''that this court of equity take jurisdiction of the case . . . ,'' and ''that an injunction issue out of this court enjoining and restraining the defendant, William C. Heyl, from entering upon the duties of the office of county superintendent of schools of Monroe county, Illinois . . . .''

It is admitted that defendant was elected to fill said office. No testimony was offered on the hearing in the court below and the matter comes to this court for consideration, only, upon the amended complaint and the motion to dismiss the same.

In plaintiffs' complaint, as well as in their briefs and written and oral arguments, much stress is laid upon the fact that the defendant was not, and is not, qualified for the reasons above mentioned. Defendant contends that the question is a political

one involving no property rights, and not within the jurisdiction of a court of equity. The question of jurisdiction in such a case is fully settled by the Illinois authorities, and the argument of plaintiffs answered by the holding in the case of *Sergel v. Healy,* 218 Ill. App. 245, wherein it is stated as follows: "A court of equity has no jurisdiction to adjudicate title to a public office or maintain status quo until one has established his title thereto by proper legal proceedings." This case reviews, thoroughly, the holdings of our Supreme Court from the case of *Sheridan v. Colvin,* reported in volume 78 of our Illinois Supreme Court reports at page 237 to the case of *Payne v. Emmerson,* reported in volume 290 Ill. at p. 490. To this same effect is the holding in the case of *Elder v. Mall,* 350 Ill. 538, which cites, with approval, the case of *Payne v. Emmerson, supra.* It is therefore our judgment that the only proceeding by which the question as to whether or not the defendant possesses the requisite qualifications for eligibility is by an information in the nature of quo warranto, as pointed out in the case of *Wagler v. Stoecker,* reported in volume 393 Ill. 560 (at page 562) wherein the following language is used, *viz:* "In short, the remedy to determine the question whether the person elected to office possesses the requisite qualifications for eligibility is by an information in the nature of Quo Warranto." Since a declaratory judgment would not terminate the controversy, the lower court did not err in refusing to declare rights under amended count II.

For the reasons above stated the judgment of the lower court is affirmed.

*Affirmed.*

CULBERTSON, P. J., and SCHEINEMAN, J., concur.