Leo Bloome et al., Plaintiffs, v. I. K. Juergensmeyer and Karl Kerstein, Defendants.
Leo Bloome et al., Appellees, v. Karl Kerstein, Appellant.

Gen. No. 9,823.

Opinion filed November 9, 1951. Released for publication December 5, 1951.

SNELL & SEYFRIT, of Carlinville, and GIFFIN, WINNING, LINDNER & NEWKIRK, of Springfield, for appellant; MONTGOMERY S. WINNING, of Springfield, of counsel.

D. A. McGRADY, of Gillespie, and RINAKER, SMITH & HEBRON, of Carlinville, for appellees.

MR. PRESIDING JUSTICE O'CONNOR delivered the opinion of the court.

The plaintiffs, five persons as taxpayers, residents and citizens of Macoupin county, filed a complaint in the circuit court of that county on August 4, 1951, wherein they alleged that the defendant, I. K. Juergensmeyer is the County Superintendent of Schools of Macoupin county; that the defendant Karl Kerstein was duly elected County Superintendent of Schools of Macoupin county at the last general election for the term beginning August 6, 1951; that Karl Kerstein is not eligible for that office for the reason that he does not hold a valid State Limited Supervisory Certificate as required by Article 3–1 of the School Code; that the defendant Kerstein has filed his official oath and bond and is threatening to take over the office of County Superintendent of Schools of Ma-

coupin county, and the defendant Juergensmeyer is threatening to vacate and surrender said office on August 6, 1951; that a suit is pending in the circuit court of Macoupin county entitled *I. K. Juergensmeyer v. Karl Kerstein* for a declaratory judgment as to the eligibility of the defendant Kerstein to hold the office of County Superintendent of Schools, but that said suit has not been and cannot be determined prior to August 6, 1951; that the plaintiffs would be irrevocably injured if an injunction is not issued to restrain the defendant Juergensmeyer from turning the office over to the defendant Kerstein. The complaint asks that the defendant Kerstein be restrained from taking possession of the office pending a determination of his eligibility to said office, and that the plaintiffs would dismiss the proceedings upon production to them or to the court of a valid State Limited Supervisory Certificate.

A temporary injunction was issued by the circuit court of Macoupin county on August 4, 1951, restraining the defendant Juergensmeyer from delivering the office to Kerstein, and restraining Kerstein from taking over the office of County Superintendent of Schools. A hearing was held on August 9, 1951, and the trial court, on motion to dissolve the injunction and dismiss the complaint, denied the motion. The defendant-appellant Karl Kerstein filed his bond for costs in this court as provided by section 78 of the Civil Practice Act [Ill. Rev. Stat. 1951, ch. 110, par. 202; Jones Ill. Stats. Ann. 104.078] which bond was approved by the clerk of the court, bringing this appeal in accordance with the provisions of section 78 of the Civil Practice Act and Rule 31 of the Rules of Practice and Procedure.

The sole question involved in this appeal is whether or not a court of equity in a suit by taxpayers, residents and citizens has jurisdiction through injunction

to maintain the status quo until the title to the office of County Superintendent of Schools is determined in a proper legal forum.

██ The question as to who is entitled to the office of County Superintendent of Schools of Macoupin county is a political question, involving no property rights, and is not within the jurisdiction of a court of equity. As a general rule injunctions will not lie to test the title to public office or to prevent a person from exercising its functions pending proceedings to determine his right to the office. *67 C. J. S. p. 309.*

The law in Illinois has been well settled in many cases decided by the Supreme Court and the various Appellate Courts of the State. In the recent case of *Zeigler v. Heyl,* 334 Ill. App. 299, the question was squarely met. In that case the complainant and others as residents, citizens, taxpayers, and legally qualified voters filed a complaint against the defendant asking for an injunction restraining him from entering upon the duties of the office of County Superintendent of Schools of Monroe county, and for a declaratory judgment to determine the rights of such office. It was there charged that the defendant did not hold a valid State Limited Supervisory Certificate, nor a valid State Life Supervisory Certificate and that irreparable injury would be done to the plaintiffs if an injunction did not issue restraining the defendant from entering upon the duties of the office of County Superintendent of Schools. Motion of the defendant to dismiss the complaint was granted. Plaintiffs appealed and the court affirmed the decree. In discussing the question of jurisdiction the court said:

"In plaintiffs' complaint, as well as in their briefs and written and oral arguments, much stress is laid upon the fact that the defendant was not, and is not, qualified for the reasons above mentioned. Defendant

contends that the question is a political one involving no property rights, and not within the jurisdiction of a court of equity. The question of jurisdiction in such a case is fully settled by the Illinois authorities, and the argument of plaintiffs answered by the holding in the case of *Sergel v. Healy,* 218 Ill. App. 245, wherein it is stated as follows: 'A court of equity has no jurisdiction to adjudicate title to a public office or maintain status quo until one has established his title thereto by proper legal proceedings.' This case reviews, thoroughly, the holdings of our Supreme Court from the case of *Sheridan v. Colvin,* reported in volume 78 of our Illinois Supreme Court reports at page 237 to the case of *Payne v. Emmerson,* reported in volume 290 Ill. at p. 490. To this same effect is the holding in the case of *Elder v. Mall,* 350 Ill. 538, which cites with approval, the case of *Payne v. Emmerson, supra.*"

Jurisdiction of a court of equity in a case of this kind is discussed at length in many cases by both the Supreme and Appellate Courts, most of which are mentioned and discussed fully in the cases of *Zeigler v. Heyl, supra,* and *Sergel v. Healy,* 218 Ill. App. 245.

██ We have read with care the cases cited by appellee and find that they have no bearing whatever upon the question before the court in this case. The proper remedy to determine the question whether a person elected to office possesses the requisite qualifications for eligibility is by information in the nature of quo warranto. A declaratory judgment if rendered in the case alleged to be on file in the circuit court of Macoupin county will not terminate the controversy. *Zeigler v. Heyl, supra.*

██ The appellee argues that the plaintiffs-appellees, who are the taxpayers, and the defendant-appellee Juergensmeyer are wholly without right to institute quo warranto proceedings by leave of court should either the Attorney General or the State's Attorney

refuse or fail to do so. Such contention is without merit.

■ As a general rule it is presumed that a public official will perform his duties in accordance with the law and authority conferred on him, and that he will not do any act contrary to his official duty or omit to do anything that duty may require. *People v. Witte,* 315 Ill. 282; *People ex rel. Bunge v. Downers Grove Sanitary Dist.,* 281 Ill. App. 426.

It cannot be presumed at this time that neither the Attorney General nor the State's Attorney of Macoupin county will neglect or refuse to perform the duties imposed upon them by law.

It is our conclusion that under the settled law of this State the circuit court of Macoupin county, as a court of equity, was without jurisdiction to entertain complainants' bill of complaint and enter the injunctional order appealed from. Said order of the circuit court of Macoupin county is therefore reversed.

*Reversed.*