Arthur D. Malkin, Appellee, v. City of Chicago, Stephen E. Hurley et al., Members of Civil Service Commission of City of Chicago, and Timothy O'Connor, Commissioner of Police of City of Chicago, Appellants.

Gen. No. 46,637.

First District, First Division.

May 13, 1955.

Released for publication June 20, 1955.

John J. Mortimer, Corporation Counsel of City of Chicago, for appellants; L. Louis Karton, and Harry H. Pollack, both of Chicago, of counsel.

Jacob Shamberg, of Chicago, for appellee.

MR. JUSTICE FRIEND delivered the opinion of the court.

As prayed by plaintiff, the trial court issued a temporary injunction restraining the civil service commission from canceling the police captains' eligible list. Defendants appeal from the court's denial of their motion to dissolve the injunction. Plaintiff, as a citizen and resident of the City of Chicago, filed his complaint in the circuit court for declaratory judgment and ancillary relief against the city, members of the civil service commission and the commissioner of police.

His complaint alleges that the City of Chicago operated under civil service; that the commissioner of police had the duty of filling all positions in the police department through the civil service commission; that

in 1950 the commission held a promotional examination for police captains; that as a result thereof, on July 30, 1951, it posted a list containing the names of forty-eight successful applicants; that appointments have been made from said list, and that thirty names remain thereon; that since January 1954, three police captains have resigned; that three police lieutenants have been assigned to three police districts as acting captains of said districts; that the commissioner of police has failed to request the commission to certify for appointment as captains persons on the captains' list, in violation of the civil service system; that defendants are under a duty to comply with the civil service laws; and that the failure to make appointments from the captains' list, and the appointment of acting captains, constitute a violation of their duties.

In their amended answer defendants averred that plaintiff, as a citizen and a resident of the City of Chicago, has not shown that he is suffering any special injury as a result of the defendants' action; that there were no civil, personal or property rights involved, and that equity has no jurisdiction to intervene; that a temporary injunction precluded the commission from exercising its power to cancel the captains' list after two years, as provided by section 10 of the Cities Civil Service Act (Ill. Rev. Stat. 1953, ch. 24½, par. 48 [Jones Ill. Stats. Ann. 23.049]). The answer further avers that it was not the duty of the commissioner of police to fill all captains' vacancies; that under section 6 of the 1954 appropriation ordinance of the City of Chicago the commissioner of police was vested with discretionary power in the filling of vacancies in the police department; that under rule 30 of the rules and regulations of the department of police either a captain or lieutenant may be in command of a district; that the assignment of three lieutenants to command districts did not make them "acting captains"; that the

defendants were not violating the civil service laws; and that plaintiff was not entitled to. equitable relief.

In his reply to the amended answer plaintiff alleges that any police captain vacancies must be filled presently from the police captains' list; that on April 15, 1954, when the list had been posted over two years, three persons were certified from said list and appointed captains; that a cancellation of said list, while there are police captain vacancies, would be arbitrary and an abuse of discretion; that there are seven police captain vacancies; that the 1954 and 1955 appropriation ordinances of the City of Chicago contemplate the payment of a definite number of police captains, although the ordinances do not specify such number; that the commissioner of police has no arbitrary discretion as to the filling of vacancies but must have a reason for his action, and that the answer shows no valid reason; that lieutenants may not displace captains on a permanent basis; and that lieutenants assigned to command a police district are commonly referred to in the police department as "acting captains."

At the hearing on defendants' motion to vacate the temporary injunction it was disclosed that the commission had held an examination for police captains and was ready to post a new captains' list, but was prevented from doing so by the temporary injunction. Section 10 of the Cities Civil Service Act vests power in the commission to cancel an eligible list or register after two years. It provides in part that "said commission may strike names of candidates from the register after they have remained thereon more than two years." At the time of filing of this suit on August 10, 1954, the register was more than three years old.

■■ It is axiomatic that before an injunction will issue, equity jurisdiction must be established; it must appear from the complaint, not only that the acts complained of are unauthorized and injurious, but in addi-

154

tion that they violate civil or property rights. Plaintiff, suing as a citizen and a resident of the City of Chicago, is attempting to have police lieutenants on the captains' list promoted to captains. This is a political right, not a civil or property right. The distinction between civil and political rights was clearly made in the early case of Fletcher v. Tuttle, 151 Ill. 41. In the later case of Heffran v. Hutchins, 160 Ill. 550, the plaintiff, who was removed as fire marshal by the mayor, obtained an injunction restraining the mayor from removing him or interfering with him as fire marshal. The Appellate Court dissolved the injunction, and the Supreme Court affirmed the dissolution, saying: "It is not within the jurisdiction of a court of equity to interfere with the public duties of the departments of government. (Chicago Public Stock Exchange v. McClaughry, 148 Ill. 372.) Its jurisdiction pertains only to questions of the maintenance of civil rights—property rights, as contradistinguished from political rights. (City of Chicago v. Wright, 69 Ill. 318; Delahanty v. Warner, 75 Ill. 185; Sheridan v. Colvin, 78 Ill. 237.) It can have no jurisdiction to determine political questions between the mayor and council of a city concerning the appointment and removal of officers, nor can it exercise jurisdiction in determining the right of a party to an office."

In People v. Kipley, 171 Ill. 44, it was held: "A public office is not property, nor are the prospective fees of an office the property of its incumbent. An office is a mere right to exercise a public function or employment." In People v. City of Chicago, 337 Ill. 100, where a civil service laborer sued for reinstatement when he was discharged without a hearing, the court observed that he had not been deprived of the right to sell his labor and to receive compensation therefor. "Having no property right in the particular position he occupied, it follows that the due process clauses of the State and Federal constitutions are not

155

violated." In People ex rel. Carter v. Hurley, 4 Ill. App.2d 24, plaintiffs, unsuccessful candidates in a civil service examination for building inspectors of the City of Chicago, sued in mandamus to declare void the eligible register resulting from said examination which was posted by the civil service commission of the City of Chicago, and asked the court to issue a temporary injunction restraining the commission and the acting building commissioner from certifying as building inspectors those named on the eligible register. The trial court granted a temporary injunction which was vacated on appeal because, as we held, only political rights were involved, and equity had no jurisdiction. In Golden v. City of Flora, 408 Ill. 129, the court said: "It is elementary that a private citizen may not call upon a court of equity to enjoin an injury threatened to purely public rights." It follows that the trial court in this case erred in granting the temporary injunction because it was without jurisdiction to do so. In issuing the injunction the court erroneously interfered with the discretion vested in the commission by the Cities Civil Service Act to cancel the eligible list after the expiration of two years. In People ex rel. Walsh v. City of Chicago, 226 Ill. App. 409, plaintiff, a civil service patrolman, had successfully passed a promotional examination for sergeant of police and was placed on the eligible list posted April 4, 1917 and canceled on August 12, 1920. After the cancellation Walsh sued for a writ of mandamus to compel the commission to appoint him as a sergeant. The court held that the commission had the power, under section 10 of the Cities Civil Service Act, to cancel the list because it was more than two years old. This rule was followed under similar circumstances in People ex rel. Jahn v. City of Chicago, 279 Ill. App. 624, and People ex rel. Lynch v. City of Chicago, 271 Ill. App. 360.

However, plaintiff proceeds on the theory that the trial court was not exercising equity powers as

such, but was acting under a statutory jurisdiction in declaratory judgment. Relief should not be afforded under the Declaratory Judgments Act (Ill. Rev. Stat. 1953, ch. 110, par. 181.1 [Jones Ill. Stats. Ann. 104.057 (1)]) when the cause would not merit relief in equity by injunction. Goodyear Tire & Rubber Co. v. Tierney, 411 Ill. 421.

Plaintiff says that there seem to be no cases in Illinois involving a declaratory judgment proceeding wherein a restraining order was asked in aid of the court's jurisdiction over a citizen's right to have the laws properly enforced and executed, but defendants in their brief call attention to two cases, Zeigler v. Heyl, 334 Ill. App. 299, and Bloome v. Juergensmeyer, 344 Ill. App. 625, which deal with this question. In the Zeigler case plaintiffs were residents, citizens and taxpayers who prayed for an injunction to restrain defendant from entering upon the duties of county superintendent of schools, and for a declaratory judgment to determine the rights of the office. Defendant's motion to dismiss the complaint on the ground that the question was a political one involving no property rights and not within the jurisdiction of a court of equity was allowed, and on appeal affirmed; the reviewing court held that under such circumstances equity had no jurisdiction. In the Bloome case plaintiffs were residents, taxpayers and citizens who obtained a temporary injunction restraining Juergensmeyer, the outgoing county school superintendent, from delivering the superintendency to Kerstein, the duly elected incoming superintendent, until a declaratory judgment suit filed by Juergensmeyer against Kerstein was disposed of. The court reviewed many cases on the issue, adopted the language of Sergel v. Healy, 218 Ill. App. 245, saying: " 'A court of equity has no jurisdiction to adjudicate title to a public office or maintain status quo until one has established his

title thereto by proper legal proceedings,' " and in line with that reasoning dissolved the injunction.

Plaintiff cites Thillens, Inc. v. Cooper, 345 Ill. App. 145. There plaintiff, in the check-cashing business, alleged that its business was threatened by the enactment of an amendment to the Community Currency Exchange Act (Ill. Rev. Stat. 1953, ch. 16½, pars. 30 et seq. [Jones Ill. Stats. Ann. 10.69(99) et seq.]). It obtained a temporary injunction to prevent enforcement of the amended act until its validity could be tested. We held that sufficient facts were shown to indicate that if plaintiff were forced to discontinue its business, irreparable loss would follow, as alleged, and that since a valuable property right was involved, equity jurisdiction in the form of a temporary injunction was proper.

The gravamen of plaintiff's position here is to make the declaratory judgment proceeding a method of obtaining any and all relief regardless of the issues. No cases are cited to sustain this position. We find no convincing reason for so holding, and thereby altering the established rule that in a case of this kind equity has no jurisdiction and that plaintiff cannot enforce public rights in equity where he has not shown special injury. Accordingly the judgment of the circuit court is reversed.

Judgment reversed.

BURKE, P. J. and NIEMEYER, J., concur.