Edward J. Baldwin et al., Appellants, v. Stephen E. Hurley et al., Civil Service Commissioners of City of Chicago, and Timothy J. O'Connor, Commissioner of Police of City of Chicago, Appellees.

Gen. No. 46,759.

First District, Second Division.
April 3, 1956.
Rehearing denied April 24, 1956.
Released for publication April 24, 1956.

Roy J. Egan, of Chicago, for appellants.

John C. Melaniphy, Acting Corporation Counsel of City of Chicago, of Chicago, for appellees; L. Louis

Karton, Head of Appeals and Review Division, and Harry H. Pollack, Assistant Corporation Counsel, both of Chicago, of counsel.

JUDGE ROBSON delivered the opinion of the court.

Plaintiffs appeal from the trial court's order dissolving a temporary injunction and dismissing their suit.

The plaintiffs were sergeants of police in the classified service of the police department of the City of Chicago. They had successfully passed a promotional examination for lieutenant of police and their names appeared on the eligible register, posted April 23, 1952. Upon learning that defendants intended to strike their names from said promotional register, plaintiffs, on November 29, 1954, filed a complaint in chancery seeking an injunction to restrain the civil service commission from so striking their names. Defendants filed a motion to strike the complaint, and when the trial court indicated it would deny the motion for temporary injunction, plaintiffs, by leave of court on February 7, 1955, filed an alternative complaint for a declaratory judgment and for ancillary relief and for a writ of prohibition.

On January 17, 1955, the civil service commission did strike the names of plaintiffs from the register and posted a new register for lieutenant of police two days later. On February 16, 1955, the matter having been transferred from the chancery calendar to the common law calendar, a temporary injunction was issued under the prayer for ancillary relief to restrain defendants from certifying and appointing persons from the new register for the position of lieutenant of police. Defendants thereupon filed a motion to dissolve the injunction and dismiss the suit. The motion was granted.

The issue that will be determinative of plaintiffs' rights on this appeal is whether the defendants had authority to cancel the promotional register. The civil

533

service commission's power to cancel registers appears in section 10 of the Civil Service Act of Cities (ch. 24½, par. 48, Ill. Rev. Stat. 1953). Defendants contend that this section refers only to registers of candidates for admission into the civil service and not to promotional registers; that section 9 (ch. 24½, par. 47, Ill. Rev. Stat. 1953) pertains to promotions and there is no mention therein of a power to cancel promotional registers.

The question presented is not a novel one in this state. In People ex rel. Walsh v. City of Chicago, 226 Ill. App. 409, cert. denied, 226 Ill. App. 409, a three-year-old promotional register for sergeant of police was cancelled by the civil service commission and the registrant Walsh sued for a writ of mandamus to compel the commission to appoint him a sergeant. The relator contended that the cancelled register was still in effect. The court said: "The statute gives to the commission the undoubted right to strike from an eligible list all names appearing thereon for a period of more than two years." The court further said: "It is our opinion, therefore, that the civil service commission did not exceed its powers when it cancelled the eligible list of April 4, 1917, and whatever may be said about other questions presented in defense of the right claimed by relator, this *holding* is sufficient to put an end to his rights so claimed under his petition." (Italics ours.)

The same issue was before this court in People ex rel. Richards v. Allman, 289 Ill. App. 586, leave to appeal denied, 290 Ill. App. xix. The court refused to sustain counsel's contention "that the provision in section 10 providing that the commission may strike off the names on the list after they have remained thereon for more than two years applies only to original examinations." The following language from the opinion in the Richards case leaves no doubt as to the state of the law: "The opinion in the Walsh case (226 Ill. App.

534

■■■■■■■■■■

409) was filed October 30, 1922, and it has been uniformly held by this court since that time that the civil service commission may, after two years, properly cancel a list posted as a result of a promotional examination." People ex rel. Lynch v. City of Chicago, 271 Ill. App. 360; People ex rel. Jahn v. City of Chicago, 279 Ill. App. 624, leave to appeal denied, 279 Ill. App. xviii, and Malkin v. City of Chicago, 6 Ill.App.2d 151, are to the same effect.

Plaintiffs attempt to distinguish these cases on the ground that in all of them the register was cancelled prior to the institution of the suit. From this they conclude that issue was not joined on the commission's authority to cancel a promotional list in those cases. In the instant case the cancellation took place subsequent to the filing of the original complaint. We are unable to find any merit in this distinction. A close examination of the cases clearly discloses that a finding that the commission did have such authority was necessary to the ultimate disposition of the issues therein.

We follow the interpretation of the Civil Service Act of Cities, often announced and approved by the courts of this state, and hold that the trial court properly dissolved the temporary injunction and dismissed the suit.

Our decision on this issue makes it unnecessary for us to consider plaintiffs' other contentions.

Order affirmed.

McCORMICK, P. J. and SCHWARTZ, J., concur.