THE PEOPLE *ex rel.* BILLY MIKE REED, Plaintiff-Appellee, *v.* RALPH J. THOMAS, Defendant-Appellant.

Fifth District   No. 76-190

Opinion filed November 15, 1976.

Carroll L. Owens, of Benton, for appellant.

Robert L. Butler, of Marion, for appellee.

Mr. JUSTICE EBERSPACHER delivered the opinion of the court:

By leave of the court, relator, Billy Mike Reed, filed a complaint in quo warranto in the circuit court of Franklin County against defendant, Ralph J. Thomas. Following a bench trial, the court found Thomas not qualified to hold the office of trustee of the Village of West City because he had not been a resident thereof for at least one year prior to his election. Thomas appeals the judgment of ouster entered by the trial court.

On appeal, Thomas contends that the evidence does not sufficiently support the trial court's findings and that only the Board of Trustees may determine his qualifications for office.

On April 15, 1975, Thomas was elected village trustee for the Village of West City in Franklin County. Thomas argues that the evidence shows that he was a resident of West City since July, 1973. During July, 1973, Thomas had installed a mobile home on a parcel of real estate he owned in West City. He testified at trial that he lived in the mobile home for one week every month during 1973 and 1974. However, the evidence also shows that he owned a home in Bellwood where he lived when not in West City; and that he owned a grocery business in Hodgkins. Both Bellwood and Hodgkins are in Cook County. In September, 1974, Thomas sold his grocery business and it is undisputed that at least by October, 1974, Thomas had become a permanent resident of West City. On January 16, 1975, when Thomas registered to vote, he had, at that time, declared that he had been a resident of Franklin County for only three months. There was also testimony that on more than one occasion, Thomas had admitted that he had "moved" to West City in October, 1974.

By his conduct and his admissions we find sufficient evidence from which it can be concluded that not until October, 1974, did Thomas intend to be a resident of West City. Prior to that month, while he temporarily stayed in West City, it can be concluded he always intended to return to his home and business in Cook County. Therefore, we find no merit to Thomas' first contention.

■■ Since Thomas had not resided in West City for at least one year preceding his election, he was not qualified to hold the office of village trustee. (Ill. Rev. Stat. 1975, ch. 24, par. 3—14—1.) Citing section 3—11—10 of the Municipal Code (Ill. Rev. Stat. 1975, ch. 24, par. 3—11—10), Thomas next argues that only the Board of Trustees could determine his qualifications for office.

■■ While section 3—11—10 of the Municipal Code does provide that the Board of Trustees are the "sole judge" of Thomas' qualifications, it also provides that:

> "However, a court shall not be prohibited from hearing and determining a proceeding in quo warranto."

Clearly, quo warranto is an appropriate remedy to determine the eligibility of Thomas to hold the office of village trustee. (Ill. Rev. Stat., ch. 112, par. 9; *Bloome v. Juergensmeyer*, 344 Ill. App. 625, 101 N.E.2d 851; *People ex rel. Romano v. Krantz*, 13 Ill. 2d 363, 150 N.E.2d 627.) Therefore, we affirm the judgment of the circuit court of Franklin County.

Affirmed.

G. J. MORAN and JONES, JJ., concur.