FOURTH DIVISION
November 4, 2010

No. 1-09-1747

| | | |
|---|---|---|
| JANE DOE, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellant, | ) | Cook County. |
| | ) | |
| v. | ) | |
| | ) | |
| THE UNIVERSITY OF CHICAGO, | ) | |
| an Illinois Not-For-Profit Corporation, | ) | |
| | ) | |
| Defendant-Appellee | ) | |
| | ) | No. 06 L 13017 |
| | ) | |
| (LONG HAN; VHS of Illinois, Inc., a Delaware | ) | |
| Corporation, d/b/a Macneal Hospital; MN | ) | |
| Anesthesia, an Illinois Limited Liability Company; | ) | |
| Continental Anesthesia, an Illinois Limited | ) | |
| Liability Company, | ) | Honorable |
| | ) | Jeffrey Lawrence, |
| Defendants). | ) | Judge Presiding. |

JUSTICE O'BRIEN delivered the opinion of the court:

Plaintiff, Jane Doe, appeals the order of the circuit court dismissing count XII of her sixth-amended complaint against defendant, the University of Chicago, for violations of the Gender Violence Act (740 ILCS 82/1 et seq. (West 2004)) arising out of a sexual assault and battery allegedly committed by Dr. Long Han on December 15, 2004. The issue on appeal is whether the Gender Violence Act may be retroactively applied to conduct by defendant that occurred prior to its effective date. We hold the Gender Violence Act may not be retroactively applied and affirm the circuit court.

In the sixth-amended complaint, plaintiff pleaded that Dr. Long Han was employed by defendant from 1989 through September 1, 1999, as an anesthesiologist in the department of

anesthesia and critical care. During the course of Dr. Han's employment, defendant learned of at least six allegations of gender-related violence committed by Dr. Han against female coworkers and patients. On August 30, 1999, defendant and Dr. Han entered into a confidentiality agreement whereby defendant secured Dr. Han's resignation in return for defendant's promise it would "not provide information regarding complaints of sexual harassment made against [Dr. Han] during the course of his University employment." The confidentiality agreement also included an agreed-upon letter of reference from defendant to prospective future employers of Dr. Han, which specifically omits any reference to allegations of gender-related violence by Dr. Han against female coworkers and patients.

Plaintiff pleaded that on or before September 15, 1999, Dr. Han applied for appointment to the medical staff of Macneal Hospital. On or about September 15, 1999, the chairman of the credential committee of Macneal Hospital sent a letter to defendant requesting a candid, written appraisal of Dr. Han's clinical ability, ethical character, and his ability to work cooperatively with others during his residency. The letter specifically requested any information defendant may have warranting Macneal Hospital to exercise caution in granting staff privileges to Dr. Han. In response, defendant sent a letter on or about September 21, 1999, making no reference to any allegations or investigation into acts of gender-related violence committed by Dr. Han against female coworkers and patients.

Plaintiff pleaded that in either September or October 1999, Macneal Hospital awarded staff privileges to Dr. Han, which he maintained through and including December 2004. In December 2004, plaintiff was a nursing intern engaged in an obstetrics rotation at Macneal

Hospital. During the course of her obstetrics rotation, Macneal Hospital placed plaintiff under the direct supervision of Dr. Han.

Plaintiff pleaded that on December 15, 2004, Dr. Han approached her and directed her to come into his private office at Macneal Hospital, under the pretext of receiving additional instruction related to her master's studies in nursing. Once inside his office, Dr. Han proceeded to move his hands underneath plaintiff's bra and touch her breasts without her permission or consent. Plaintiff immediately pulled away from Dr. Han and exited his office.

Plaintiff filed a sixth-amended complaint against Dr. Han, defendant, and other entities for damages caused by Dr. Han's alleged sexual assault on December 15, 2004. Count XII alleged a cause of action against defendant for violations of the Gender Violence Act (hereinafter the Act) (740 ILCS 82/1 et seq. (West 2004)). The Act provides victims of "gender-related violence," defined to include acts of sexual assault or battery, with a private right of action against those who personally committed the acts of gender-related violence and against those who encouraged or assisted the acts of gender-related violence. 740 ILCS 82/5, 10 (West 2004).

Specifically, plaintiff alleged in count XII of her sixth-amended complaint "[o]n and prior to December 15, 2004," defendant encouraged or assisted Dr. Han's acts of gender-related violence in one or more of the following respects:

> a. covering up allegations of Dr. Han's repeated acts of gender-related violence by entering into the confidentiality agreement with Dr. Han;
>
> b. failing to disclose to Macneal Hospital its knowledge of at least six allegations of gender-related violence committed by Dr. Han;

c. failing to discipline or sanction Dr. Han for acts of gender-related violence against female coworkers and patients;

d. failing to insist Dr. Han receive treatment as a precondition of further employment;

e. emboldening Dr. Han with a belief his gender-related violence would go unpunished and could continue; and

f. securing Dr. Han's resignation from defendant in exchange for nondisclosure of repeated complaints of sexual assault and battery of female employees and patients by Dr. Han.

Defendant filed a motion to dismiss pursuant to section 2-619 of the Code of Civil Procedure (735 ILCS 5/2-619 (West 2002)). Defendant argued count XII of plaintiff's sixth-amended complaint sought an impermissible retroactive application of the Act to defendant. Specifically, defendant contended all its alleged acts in violation of the Act (in particular, its entering into the confidentiality agreement with Dr. Han and failing to disclose to Macneal Hospital its knowledge of six allegations of gender-related violence committed by Dr. Han) occurred in 1999 prior to the Act's effective date of January 1, 2004. The circuit court granted defendant's motion to dismiss and made the requisite finding pursuant to Supreme Court Rule 304(a) (210 Ill. 2d R. 304(a)) that no just cause existed to delay either enforcement or appeal of the order. Plaintiff filed this timely appeal.

A section 2-619 motion to dismiss admits the legal sufficiency of the complaint and raises defects, defenses, or other affirmative matters that appear on the face of the complaint or are

established by external submissions that act to defeat the claim. Krilich v. American National Bank & Trust Co. of Chicago, 334 Ill. App. 3d 563, 569-70 (2002). When ruling on a section 2-619 motion, the circuit court may consider the pleadings, depositions, and affidavits. Krilich, 334 Ill. App. 3d at 570. The court interprets all pleadings and supporting documents in the light most favorable to the nonmoving party. Van Meter v. Darien Park District, 207 Ill. 2d 359, 367-68 (2003). The issue on appeal is whether the existence of a genuine issue of material fact should have precluded the dismissal or, absent such an issue of fact, whether the dismissal is proper as a matter of law. Krilich, 334 Ill. App. 3d at 570. Review is de novo. Krilich, 334 Ill. App. 3d at 571.

In the present case, the circuit court dismissed count XII of plaintiff's sixth-amended complaint on the basis that the complained-of conduct occurred prior to the effective date of the Act. The circuit court determined the Act may not be retroactively applied to defendant's conduct predating the Act. Plaintiff contends the circuit court erred in its retroactivity analysis.

In Commonwealth Edison Co. v. Will County Collector, 196 Ill. 2d 27 (2001), our supreme court adopted the retroactivity analysis of Landgraf v. USI Film Products, 511 U.S. 244, 128 L. Ed. 2d 229, 114 S. Ct. 1483 (1994). The supreme court recently summarized the Landgraf test as follows:

 " ' The threshold inquiry is whether the legislature has expressly prescribed the temporal reach of a statute. If it has, the expression of legislative intent must be given effect absent a constitutional prohibition. If, however, the statute contains no express provision regarding its temporal reach, the court must determine

whether the new statute would have retroactive effect, keeping in mind the general principle that prospectivity is the appropriate default rule. In making this determination, a court will consider whether retroactive application of the new statute will impair rights a party possessed when acting, increase a party's liability for past conduct, or impose new duties with respect to transactions already completed. If retrospective application of the new law has inequitable consequences, a court will presume that the statute does not govern absent clear legislative intent favoring such a result.' " (Emphasis in original.) Lazenby v. Mark's Construction, Inc., 236 Ill. 2d 83, 94-95 (2010), quoting John Doe A. v. Diocese of Dallas, 234 Ill. 2d 393, 405 (2009).

Following the adoption of the Landgraf approach, the supreme court considered the effect of section 4 of the Statute on Statutes (5 ILCS 70/4 (West 1998)) on the retroactivity analysis. Section 4, also known as the general saving clause of Illinois, states:

"No new law shall be construed to repeal a former law, whether such former law is expressly repealed or not, as to any offense committed against the former law, or as to any act done, any penalty, forfeiture or punishment incurred, or any right accrued, or claim arising under the former law, or in any way whatever to affect any such offense or act so committed or done, or any penalty, forfeiture or punishment so incurred, or any right accrued, or claim arising before the new law takes effect, save only that the proceedings thereafter shall conform, so far as practicable, to the laws in force at the time of such proceeding." 5 ILCS

70/4 (West 2006).

The supreme court held "section 4 is a clear legislative directive as to the temporal reach of statutory amendments and repeals when none is otherwise specified: those that are procedural may be applied retroactively, while those that are substantive may not." Doe, 234 Ill. 2d at 406.

In the present case, Public Act 93-416 enacted the Gender Violence Act with an effective date of January 1, 2004. Section 98 of Public Act 93-416 provides:

"Applicability. This Act applies only to causes of action accruing on or after its effective date." Public Act 93-416 § 98, eff. January 1, 2004.

Plaintiff contends section 98 unambiguously indicates the temporal reach of the Act, i.e., it applies to causes of action accruing on or after January 1, 2004. Plaintiff further contends her cause of action accrued at the time Dr. Han allegedly assaulted her in December 2004, which was well after the January 1, 2004, effective date of the Act. Accordingly, plaintiff contends she has stated a valid claim under the Act and the circuit court erred in dismissing her cause of action against defendant.

The primary rule of statutory construction is to ascertain and give effect to the true intent of the legislature. Augustus v. Estate of Somers, 278 Ill. App. 3d 90, 97 (1996). In determining legislative intent, a court should consider the statutory language first, giving the terms of the statute their ordinary meaning. MQ Construction Co. v. Intercargo Insurance Co., 318 Ill. App. 3d 673, 681 (2000). Where the language of the statute is clear, it will be given effect without resort to other aids for construction. Augustus, 278 Ill. App. 3d at 97. Because the construction of a statute is a question of law, our review is de novo. O'Loughlin v. Village of River Forest,

No. 1-09-1747

338 Ill. App. 3d 189, 191 (2003).

Our review of section 98 indicates it provides a <u>necessary</u> condition for filing suit under the Act, specifically, the cause of action must have accrued on or after the effective date of January 1, 2004. However, section 98 does not provide that an accrual date after January 1, 2004, is <u>sufficient</u>, in and of itself, to allow the filing of a suit under the Act. Section 98 does not address the issue here, whether suit may be filed under the Act when the accrual date is after January 1, 2004, but the acts allegedly violating the Act (such as defendant's entering into the confidentiality agreement with Dr. Han and failing to disclose Dr. Han's misconduct to Macneal Hospital) occurred prior to January 1, 2004. Section 98 is silent as to the temporal reach of the Act under these circumstances.

In the absence of an express provision regarding the Act's temporal reach, we examine whether the Act is substantive or procedural in nature. If the Act is substantive, it may not be retroactively applied. <u>Deicke Center-Marklund Children's Home v. Illinois Health Facilities Planning Board</u>, 389 Ill. App. 3d 300, 303 (2009). If the Act is procedural in nature, it may be applied retroactively as long as such retroactive application will not impair rights defendant possessed when acting, increase defendant's liability for past conduct, or impose new duties with respect to transactions already completed. <u>Deicke Center</u>, 389 Ill. App. 3d at 303; <u>John Doe</u>, 234 Ill. 2d at 405.

" 'Procedure is the machinery for carrying on the suit, including pleading, process, evidence and practice, whether in the trial court, or in the processes by which causes are carried to the appellate courts for review, or laying the foundation for such review.' " <u>Deicke Center</u>, 389

No. 1-09-1747

Ill. App. 3d at 303, quoting <u>Ogdon v. Gianakos</u>, 415 Ill. 591, 596 (1953). By contrast, a substantive act "establishes, creates or defines rights." <u>Deicke Center</u>, 389 Ill. App. 3d at 304.

Clearly, the Act is substantive in nature as it creates a new, private right of action for the victims of gender-related violence. The retroactive application of the Act would create a new liability for conduct committed by defendant prior to the Act's effective date of January 1, 2004. As such, retroactive application of the Act is improper. We affirm the order of the circuit court dismissing count XII of plaintiff's sixth-amended complaint.

Plaintiff contends her cause of action should not be dismissed because her suit seeks recovery for defendant's continued silence, covering up, and emboldening of Dr. Han throughout 2004. Review of plaintiff's sixth-amended complaint indicates all of defendant's allegedly unlawful acts occurred in 1999, prior to the effective date of the Act, when it signed the confidentiality agreement, failed to discipline Dr. Han or insist he receive treatment, and failed to discuss Dr. Han's misconduct with Macneal Hospital. Plaintiff has failed to assert any tortious acts by defendant beyond the effective date of the Act that would support a claim thereunder.

For the foregoing reasons, we affirm the circuit court.

Affirmed.

O'BRIEN, J., with O'MARA FROSSARD, J., and LAVIN, J., concurring.