# Illinois Official Reports

## Appellate Court

---

### *Gasic v. Marquette Management, Inc.*, 2019 IL App (3d) 170756

---

| | |
|---|---|
| Appellate Court Caption | CYNTHIA GASIC, Plaintiff-Appellant, v. MARQUETTE MANAGEMENT, INC., Defendant-Appellee. |
| District & No. | Third District<br>No. 3-17-0756 |
| Filed | May 17, 2019 |
| Decision Under Review | Appeal from the Circuit Court of Will County, No. 17-L-441; the Hon. John C. Anderson, Judge, presiding. |
| Judgment | Certified question answered; cause remanded. |
| Counsel on Appeal | Jeffrey S. Deutschman, of Deutschman & Associates, P.C., of Chicago, for appellant.<br><br>Kyle T. Geiger, of Walker Wilcox Matousek, LLP, of Chicago, for appellee. |
| Panel | JUSTICE WRIGHT delivered the judgment of the court, with opinion.<br>Justice O'Brien concurred in the judgment and opinion.<br>Presiding Justice Schmidt dissented, with opinion. |

**OPINION**

¶ 1        In May 2017, Cynthia Gasic sued Jose Canales Jr. and his employer, Marquette Management, Inc. (the defendant corporation). Count III of the four-count complaint alleged a statutory cause of action against the defendant corporation pursuant to section 10 of the Gender Violence Act (Act) (740 ILCS 82/10 (West 2016)), arising out of acts of its corporate employee, Canales. The trial court dismissed count III with prejudice on the ground that the Act did not apply to corporate conduct. After the dismissal of the count with prejudice, the circuit court certified the following question for our review pursuant to Illinois Supreme Court Rule 308 (eff. July 1, 2017): "Can an entity be considered a 'person' committing acts 'personally' for purposes of liability under the Gender Violence Act?"

¶ 2                                    I. BACKGROUND

¶ 3        In this case, the complaint alleged that the defendant corporation managed the apartment complex where plaintiff resided. The complaint further alleged, *inter alia*, that on March 8, 2017, Canales, who was employed by the defendant corporation as a maintenance engineer, entered plaintiff's apartment, where he "engaged in unwanted and inappropriate sexual contact with plaintiff that amounted [to] assault and battery."

¶ 4        Count III, the only count relevant to this appeal, alleged a statutory cause of action against the defendant corporation under the Act. 740 ILCS 82/10 (West 2016). The Act empowers victims of "gender-related violence" to file civil actions against "a person or persons perpetrating that gender-related violence." *Id.* The Act defines "perpetrating" as "either personally committing the gender-related violence or personally encouraging or assisting the act or acts of gender-related violence." *Id.*

¶ 5        Count III alleged that the defendant corporation "perpetrated gender-related violence by encouraging or assisting [Canales] by its failure to supervise and monitor [Canales]." Count III also alleged that the defendant corporation had a legal duty to "protect the plaintiff from the risk of assault by its employees with known sexual deviant propensities" and that defendant corporation "knew or should have known that [Canales] was the subject of many complaints for sexual harassment, unwanted touching of the residents and obnoxious behavior during work hours." The defendant corporation also knew or should have known that Canales "had sexual harassment propensities and posed a risk of bodily harm." Nonetheless, the defendant corporation continued to employ Canales "despite the knowledge that his behavior was on going and a disturbance to the tenants."

¶ 6        On October 12, 2017, the trial court granted the defendant corporation's section 2-615 motion to dismiss count III for failure to state a cause of action. 735 ILCS 5/2-615 (West 2016). The court concluded that artificial entities are not "persons" who can "personally" commit, encourage, or assist gender-related violence under the Act, and dismissed count III with prejudice. After the trial court's ruling dismissing count III, pertaining to the Act, with prejudice, this court permitted plaintiff's Rule 308 petition for an interlocutory appeal.

¶ 7                                    II. ANALYSIS

¶ 8        Pursuant to Rule 308, the trial court certified the following question for our review: "Can an entity be considered a 'person' committing acts 'personally' for purposes of liability under

the Gender Violence Act?" Any question pursuant to Rule 308 requires our *de novo* review. *Barbara's Sales, Inc. v. Intel Corp.*, 227 Ill. 2d 45, 57-58 (2007). The scope of our authority in this interlocutory appeal is limited to answering the certified question alone. *Id.*

¶ 9 In this appeal, we are tasked with providing guidance to the trial court by construing section 10 of the Act. Section 10 creates a civil cause of action for victims of gender-related violence and provides as follows:

> "Cause of action. Any person who has been subjected to gender-related violence *** may bring a civil action for damages, injunctive relief, or other appropriate relief against *a person or persons* perpetrating that gender-related violence. For purposes of this Section, 'perpetrating' means either personally committing the gender-related violence or personally encouraging or assisting the act or acts of gender-related violence." (Emphasis added.) 740 ILCS 82/10 (West 2016).

¶ 10 Additional provisions of the Act are also relevant to this appeal. Section 5 of the Act defines "gender-related violence" as an assault or battery "committed, at least in part, on the basis of a person's sex." *Id.* § 5. Section 15 of the Act grants courts the discretion to potentially award plaintiffs damages, injunctive relief, or other appropriate relief, including attorney fees and court costs. *Id.* § 15. We are mindful that the Act does not provide a definition of "person" or "personally" within the statutory language. *Id.* § 1 *et seq.*

¶ 11 Consequently, plaintiff argues that this court should consider the provisions of the Statute on Statutes to determine the definitions of "person" and "personally" within the Act. Section 1 of the Statute on Statutes provides:

> "In the construction of statutes, this Act shall be observed, unless such construction would be inconsistent with the manifest intent of the General Assembly or repugnant to the context of the statute." 5 ILCS 70/1 (West 2016).

Section 1.01 of the Statute on Statutes provides:

> "All general provisions, terms, phrases and expressions shall be liberally construed in order that the true intent and meaning of the General Assembly may be fully carried out." *Id.* § 1.01.

Section 1.05 of the Statute on Statutes provides:

> " 'Person' or 'persons' as well as all words referring to or importing persons, may extend and be applied to bodies politic and corporate as well as individuals." *Id.* § 1.05.

¶ 12 Based on the Statute on Statutes, plaintiff argues that the word "person" as used in the Act applies to individuals, corporations, and bodies politic. The case law indicates that plaintiff's position is correct unless the "context, language, or legislative history of the statute indicates otherwise." *McCaleb v. Pizza Hut of America, Inc.*, 28 F. Supp. 2d 1043, 1049 (N.D. Ill. 1998); see *Real v. Kim*, 112 Ill. App. 3d 427 (1983).

¶ 13 The trial court rejected plaintiff's statutory construction of the Act. The trial court concluded that entities, such as corporations, are not persons in the truest sense of the word for purposes of liability under the Act. The trial court reasoned that the Act's reference to conduct performed "personally" excludes corporations that do not and cannot act "personally." As a result of the trial court's ruling, the trial court dismissed count III, pertaining to the Act, with prejudice.

¶ 14 We agree this issue is unsettled due to the lack of existing Illinois jurisprudence. The trial court addressed the issue head on and determined that corporations cannot, as a matter of law,

act personally for purposes of liability under the Act. Several Illinois courts have elected to avoid similar issues by resolving cases on narrower grounds. See *Doe v. PSI Upsilon International*, 2011 IL App (1st) 110306; see *Doe v. University of Chicago*, 404 Ill. App. 3d 1006 (2010). Other federal decisions have decided that corporate conduct under the Act may give rise to corporate liability under certain circumstances. See *Smith v. Rosebud Farmstand*, 909 F. Supp. 2d 1001 (N.D. Ill. 2012); see *Cruz v. Primary Staffing, Inc.*, No. 10 C 5653, 2011 WL 1042629 (N.D. Ill. Mar. 22, 2011).

¶ 15  At this juncture, some historical perspective may be helpful before addressing the certified question at issue. Over time, our nation's courts came to recognize the high degree of parity that corporations share with natural persons. The rapidly expanding concept of corporate personhood in existing case law has grown to blur the line between natural persons and corporations in the legal context. For example, in the landmark decision *Citizens United v. Federal Election Comm'n*, 558 U.S. 310, 365 (2010), the Supreme Court recognized "that the Government may not suppress political speech on the basis of the speaker's corporate identity," thus affording corporations first amendment protections. Much like natural persons, courts have also held that corporations enjoy a fourth amendment right against unreasonable searches (see *Marshall v. Barlow's, Inc.*, 436 U.S. 307, 325 (1978)) and a limited right to privacy (see *United States v. Morton Salt Co.*, 338 U.S. 632, 650-52 (1950)), a fifth amendment right against double jeopardy (see *United States v. Martin Linen Supply Co.*, 430 U.S. 564, 575 (1977)) and takings (see *Russian Volunteer Fleet v. United States*, 282 U.S. 481, 489 (1931)), and a sixth amendment right to trial by jury (see *United States v. Greenpeace, Inc.*, 314 F. Supp. 2d 1252, 1261 (S.D. Fla. 2004)) and to counsel (see *United States v. Rad-O-Lite of Philadelphia, Inc.*, 612 F.2d 740, 743 (3d Cir. 1979)). Additionally, corporations are considered "persons" with respect to the fourteenth amendment's grant of equal protections (see *Metropolitan Life Insurance Co. v. Ward*, 470 U.S. 869, 881 (1985)) and procedural due process (see *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 413-14 (1984)).

¶ 16  After our careful examination of the evolution of corporate personhood in the case law, we conclude that the answer to the certified question is that under some circumstances, a legal entity, such as a corporation, can act "personally" for purposes of giving rise to civil liability under the Act. The dissent's point that legal entities cannot "personally" commit assault or battery is well taken. However, the Act's language, which additionally defines perpetrating as "personally encouraging or assisting," serves to muddy the waters and leaves this court unable to answer this certified question with a simple "no."

¶ 17  Finally, we note that the dissent utilizes the negligence allegations set forth in plaintiff's complaint as an example of why, in the dissent's opinion, legal entities cannot "personally" perpetrate gender-related violence. This argument prompts a need to clarify our holding. The certified question, approved by the circuit court and accepted by this court for review, does not request a ruling on the propriety of the trial court's dismissal of count III. It is beyond this court's limited authority, for purposes of a Rule 308 appeal, to review the trial court's dismissal of count III or to speculate on the next procedural step, if any, for each party following remand. Our holding, in essence, is only that it would be hypothetically possible to sue a legal entity for acting personally under the Act, if some fictional plaintiff were to file a perfectly-worded complaint. Whether plaintiff's complaint in the instant case was legally sufficient is irrelevant to our holding. Therefore, having answered the certified question raised in this interlocutory

- 4 -

appeal, the matter is remanded to the trial court for further proceedings.

¶ 18                                 III. CONCLUSION

¶ 19    For the foregoing reasons, we answer the certified question as follows: Under some circumstances, a legal entity, such as a corporation, can act "personally" for purposes of giving rise to civil liability under the Act.

¶ 20    Certified question answered; cause remanded.

¶ 21    PRESIDING JUSTICE SCHMIDT, dissenting:

¶ 22    I respectfully dissent. The trial court correctly found that section 10's language and context clearly demonstrate that artificial entities cannot personally perpetrate gender-related violence. The answer to the certified question is "no."

¶ 23    Section 10's plain language and context indicate that the word "person" does not include artificial entities. Section 10 explicitly refers to a "person who has been subjected to gender-related violence" and a "person or persons perpetrating that gender-related violence." Clearly, the word "person" in section 10's first clause refers only to human beings who are susceptible to physical violence—artificial entities satisfy neither condition. We assign the same meaning to identical words in different parts of the same statute absent clear legislative intent to the contrary. *Maksym v. Board of Election Commissioners*, 242 Ill. 2d 303, 322 (2011); see also *General Dynamics Land Systems, Inc. v. Cline*, 540 U.S. 581, 595 (2004). Nothing in the Act or its legislative history overcomes this presumption of uniformity. QUERY: Could an artificial entity be a plaintiff (as victim) under the Act?

¶ 24    Artificial entities are creatures of law, not of nature. They must exist within the confines of their predetermined purposes and powers. Artificial entities lack the capacity to intend and the literal ability to "personally" perpetrate violence, gender-related or otherwise.

¶ 25    Plaintiff's complaint provides an apt example of why this very literal distinction is crucial to the certified question. The complaint premises Marquette Management Inc.'s liability on allegations that it had a duty to protect plaintiff from Canales and that it knew or should have known that Canales had dangerous propensities. These are negligence allegations; the Act addresses only intentional torts—assault and battery. The elements of these torts describe the actor's intent and the act itself—the actor's legal duties and knowledge of certain conditions are irrelevant. See Restatement (Second) of Torts §§ 13, 18, 21 (1965).

¶ 26    Plaintiff may have other avenues for recovery against the corporate defendant if she can prove facts to establish vicarious liability. However, the clear language of the statute at issue makes it clear that it does not purport to provide recovery against anyone other than those personally perpetuating violence.