BUSINESS SERVICE BUREAU, INC., Plaintiff-Appellee, v. ANGELA WEBSTER, Defendant-Appellant.

Fourth District    No. 4—98—0070

▬▬▬▬▬▬.

Argued July 14, 1998.—Opinion filed August 5, 1998.

George Bell (argued) and David M. Cialkowski, law student, both of University of Illinois College of Law Clinic, of Champaign, for appellant.

Sherman J. Brown, of Champaign, for appellee.

JUSTICE COOK delivered the opinion of the court:

In March 1995, defendant Angela Webster received ambulance services from Arrow Medical Services (Arrow) and was billed $454. Webster became delinquent on the account and Arrow assigned the debt to plaintiff Business Service Bureau, Inc. (Bureau), a licensed debt collection agency. In July 1997, the Bureau sued Webster for collection of the debt. Webster filed a motion to dismiss, arguing that the alleged assignment did not comply with the Collection Agency Act (Act) (225 ILCS 425/8b (West 1996)). The court denied the motion and entered judgment in favor of the Bureau for $454 plus costs. Webster appeals. We reverse.

The purported assignment document from Arrow to the Bureau stated:

> "For valuable consideration of an agreed to percentage of the amount collected, and pursuant to the Collection Agency Agreement, the undersigned representative of ARROW MEDICAL SERVICES, hereby assigns all of its rights, title and interest in and to the following named delinquent accounts owing by the person or persons so specified, to BUSINESS SERVICE BUREAU, to sue for and take all legal steps that may be deemed proper or necessary to affect collection thereof, in such company's own name."

The document had a date at the top of the paper that read "03/07/1997." At the bottom of the document, Rita Allen, an agent of Arrow, had signed the document. Underneath her signature was written, "[s]igned and sworn to before me this 13th day of March 1997." The document was notarized and specified Webster's account as the one being assigned.

■ Section 8b(a) of the Act states that an account may be assigned to a collection agency, provided: "The document manifesting the assignment shall specifically state and include: (i) the effective date of the assignment; and (ii) the consideration for the assignment." 225 ILCS 425/8b(a)(i), (a)(ii) (West 1996). Section 8b(e) states: "No litigation shall commence in the name of the licensee as plaintiff unless *** there is an assignment of the account that satisfies the requirements of this Section." 225 ILCS 425/8b(e) (West 1996).

Webster contends the assignment was invalid because it did not specify the effective date of the assignment. Instead, it contains *two* dates, neither of which "specifically states" the "effective date of assignment." Also, Webster argues the assignment fails to specify the consideration for the assignment. The instrument merely states "[for] valuable consideration of an agreed to percentage." Webster argues this violates the plain language and meaning of the statute, which states the parties are required to declare *what* the consideration is.

■ We conclude the assignment agreement did not satisfy the "effective date" requirement of the Act. It is important that a debtor know the exact date of the assignment so that he will know when he must deal with the assignee and when he must cease dealing with the assignor. The March 7 date at the top of the document, apparently the date when the Bureau drafted the document, was meaningless and served only to confuse when the assignment became effective.

Moreover, the assignment agreement does not *specifically state* the consideration. The assignment agreement stated the consideration was "an agreed to percentage of the amount collected." Theoretically, this "agreed to" percentage could be anything from 100% to 0%. This description of the consideration is tantamount to stating nothing and can hardly be called "specific." The agreement failed to meet this requirement of the statute and the trial court's judgment must be reversed.

Our holding is consistent with the language of the Act. The language of the statute is the best indication of the legislature's intent. *Solich v. George & Anna Portes Cancer Prevention Center of Chicago, Inc.*, 158 Ill. 2d 76, 81, 630 N.E.2d 820, 822 (1994). The Act's plain and ordinary language unambiguously states that the consideration must be specifically stated for the assignment to be valid. Therefore, reversal is required regardless of whether Webster was actually prejudiced by the assignment's lack of precision.

Our holding is also consistent with the policy of the Act. Concerns have been expressed about assignments of choses in action. At early common law, the doctrines of champerty and maintenance prohibited altogether the assignment of choses in action in order to prevent

multiple and useless lawsuits as enterprises and speculations. *In re Marriage of Malec*, 205 Ill. App. 3d 273, 289, 562 N.E.2d 1010, 1021 (1990); *Brocato v. Prairie State Farmers Insurance Ass'n*, 166 Ill. App. 3d 986, 988-89, 520 N.E.2d 1200, 1201-02 (1988) (legal malpractice claims may not be assigned). Today, assignments are permitted by the Act (225 ILCS 425/8b (West 1996)); however, the Act requires that the terms of the assignment be open and precise to protect the consumer from repetitive litigation and debt collection abuse. In the present case, the purported assignment's lack of specificity violates this policy. Accordingly, the judgment of the circuit court of Champaign County is reversed.

Reversed.

GREEN and McCULLOUGH, JJ., concur.