NATIONAL RECOVERY LIMITED PARTNERSHIP, Plaintiff-Appellant, v. JAMES J. PIELET, Defendant-Appellee.

Second District No. 2—98—0678

Opinion filed July 22, 1999.

Timothy C. Culbertson and Lee Scott Perres, both of Marcus, Perres, Campanale & Karamanis, of Chicago, for appellant.

Roger A. White, of Roger A. White & Associates, Ltd., of Lake Bluff, and

Jeff D. Harris, Paul A. Henmueller, and R. Bruce Slocum, all of Foran & Schultz, of Chicago, for appellee.

JUSTICE McLAREN delivered the opinion of the court:

Plaintiff, National Recovery Limited Partnership (National), appeals from the trial court's order dismissing its complaint and the order denying its motion to reconsider. We reverse and remand.

National filed its original complaint, case No. 95—L—253, to recover monies due from defendant, James Pielet, pursuant to a note and personal guarantee by Pielet to which National had obtained an assignment. That complaint was dismissed without prejudice, and National filed an amended complaint. Pielet filed a motion to dismiss with prejudice, which the trial court granted on February 22, 1996. However, the order of dismissal merely stated that the "motion to dismiss is allowed." It made no mention of prejudice.

In June 1997, National filed a complaint in a new case, No. 97—L—520, which is at issue before us. National had obtained a new assignment of the note and Pielet's guarantee from the original holder, as a defective assignment of the debt was the basis for the dismissal of the prior case. Pielet again filed a motion to dismiss with prejudice pursuant to section 2—619 of the Code of Civil Procedure (735 ILCS 5/2—619 (West 1996)) and Supreme Court Rule 273 (134 Ill. 2d R. 273). The trial court granted the motion and dismissed the complaint with prejudice, holding that Rule 273 was dispositive and that the dismissal of case No. 95—L—253 was *res judicata* to this action. National's subsequent motion to reconsider was denied. This appeal followed.

■ In general, a motion to dismiss pursuant to section 2—619 affords a means of obtaining a summary disposition of issues of law or of easily proved issues of fact. *American National Bank & Trust Co. v. Village of Libertyville*, 269 Ill. App. 3d 400, 403 (1995). For purposes of such a motion, all well-pleaded facts of the complaint are admitted and taken as true; only the legal sufficiency of the complaint is at issue. *American National Bank*, 269 Ill. App. 3d at 403. On appeal, our review of a dismissal under section 2—619 is *de novo*. *American National Bank*, 269 Ill. App. 3d at 403. Section 2—619(a)(4) provides for dismissal if "the cause of action is barred by a prior judgment." 735 ILCS 2—619(a)(4) (West 1996).

The trial court's order of dismissal read as follows:

"This cause coming on to be heard on the defendant's 2—619 motion based upon the previous dismissal of an action involving the same parties and same subject matter, the parties agreeing:

1) that Judge Block's dismissal of the previous action was based

upon a defective assignment and thus the other grounds for dismissal were not ruled upon;

2) that the order of dismissal in action 95L253 and the motion to dismiss all pertained to an amended complaint which was filed after 10/31/95. It is ordered that the motion to dismiss this action with prejudice is granted. The basis of this ruling is that S. Ct. Rule 273 is dispositive and that the dismissal of case 95L253 is res judicata [sic] as to this action. The court does not reach for decision the other grounds alleged in the motion to dismiss."

Supreme Court Rule 273 provides:

"Unless the order of dismissal or a statute of this State otherwise specifies, an involuntary dismissal of an action, other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join an indispensable party, operates as an adjudication upon the merits." 134 Ill. 2d R. 273.

■ ■ *Res judicata* precludes the relitigation of claims or issues decided previously. *American National Bank*, 269 Ill. App. 3d at 404. The doctrine of *res judicata* provides that a final judgment on the merits rendered by a court of competent jurisdiction bars subsequent actions between the same parties or their privies involving the same cause of action. *Rein v. David A. Noyes & Co.*, 172 Ill. 2d 325, 334 (1996). Three requirements must be met for this doctrine to apply: (1) there was a final judgment on the merits rendered by a court of competent jurisdiction; (2) there is an identity of causes of action; and (3) there is an identity of parties or their privies. *Rein*, 172 Ill. 2d at 335. Two tests have been adopted to determine whether causes of action are the same for *res judicata* purposes: under the "same evidence test," a second suit will be barred if the evidence needed to sustain the second suit would have sustained the first, or if the same facts were essential to maintain both actions; the "transactional test" considers whether both suits arise from the same transaction, incident, or factual situation. *American National Bank*, 269 Ill. App. 3d at 404.

■ Assuming, *arguendo*, that Supreme Court Rule 273 renders the dismissal of the original complaint an adjudication upon the merits, the first requirement for the application of *res judicata* is met. The identity of the parties fulfills the third requirement. Left to be determined is the identify of the causes of action, and we conclude that the two causes of action are not the same for *res judicata* purposes. The first amended complaint in 95—L—253 alleged an assignment executed in 1994 of defendant's debt. The complaint in the case before us alleges an assignment of the debt in 1996. Thus, under either test for *res judicata*, the causes of action are not the same. The evidence needed to sustain the second suit, *i.e.*, proof of the 1996 as-

signment and demand for payment, would not have sustained the first suit, which alleged an earlier assignment and demand; the same facts would not have maintained both actions. Therefore, under the "same evidence test," the causes of action are not the same. Similarly, the "transactional test" leads to a conclusion that these are different causes of action. The two suits arose from different assignments of defendant's debt. The dismissal of No. 95—L—253 was based, according to the trial court herein, on a "defective assignment." National allegedly obtained a new, proper assignment of the debt after the first suit was dismissed. To adopt the trial court's dismissal of this case would be to rule that a party has only one shot at obtaining and executing upon an assignment. This we will not do. The causes of action were not the same. *Res judicata* does not apply. Therefore, the trial court erred in dismissing National's complaint.

For these reasons, the judgment of the circuit court of Lake County is reversed, and the cause is remanded for further proceedings.

Reversed and remanded.

GEIGER and GALASSO, JJ., concur.