*In re* ESTATE OF IRA D. MALBROUGH, Deceased (David J. Malbrough, Petitioner-Appellant, v. Graciella Malbrough, Respondent-Appellee).

First District (2nd Division)   No. 1—00—2765

Opinion filed March 29, 2002.

Shawn P. Ryan, of Chuhak & Tecson, P.C., of Chicago (Barry A. Feinberg and Daniel F. Marren, of counsel), for appellant.

Gino P. Naughton, of Edward R. Vrdolyak, Ltd., of Chicago, for appellee.

JUSTICE CAHILL delivered the opinion of the court:

Petitioner filed a complaint under section 2—6 of the Illinois

Probate Act of 1975 (Probate Act) (755 ILCS 5/2—6 (West 1998)), to disqualify respondent from inheriting under decedent's will. The complaint was dismissed for failure to state a cause of action. We reverse and remand for further proceedings.

We note at the outset that neither respondent's motion nor the trial court's order specified whether the dismissal was sought or granted under section 2—615 or section 2—619(a)(9) of the Illinois Code of Civil Procedure (the Code) (735 ILCS 5/2—615, 2—619(a)(9) (West 1998)). Although our review of a dismissal under both sections is *de novo* (*In re Chicago Flood Litigation*, 176 Ill. 2d 179, 189, 680 N.E.2d 265 (1997)), the analysis is different. A section 2—615 motion attacks the legal sufficiency of the complaint by alleging defects on the face of the complaint. *Van Horne v. Muller*, 185 Ill. 2d 299, 305, 705 N.E.2d 898 (1998); *Weatherman v. Gary-Wheaton Bank of Fox Valley*, 186 Ill. 2d 472, 491, 713 N.E.2d 543 (1999). The critical question on appeal is whether the complaint, when taken in the light most favorable to the plaintiff, states a cause of action upon which relief can be granted. *Weatherman*, 186 Ill. 2d at 491.

A section 2—619(a)(9) motion asserts that the claim is barred by affirmative matter defeating the legal effect of the claim. 735 ILCS 5/2—619(a)(9) (West 1998). This section assumes a cause of action has been stated, but asserts that the claim is defeated by other affirmative matter. *Kedzie & 103rd Currency Exchange, Inc. v. Hodge*, 156 Ill. 2d 112, 115, 619 N.E.2d 732 (1993) (section 2—619 motion admits the legal sufficiency much like a section 2—615 motion admits the well-pled facts). The question on appeal is whether a question of fact precludes dismissal. *Kedzie*, 156 Ill. 2d at 116-17.

A review of respondent's motion filed in the trial court could lead one to conclude that dismissal was sought under section 2—619(a)(9) of the Code. Respondent argued in her motion that decedent Ira Malbrough's death certificate, which lists his cause of death as renal and congestive heart failure, conclusively defeats petitioner's claim that Ira was unjustifiably and intentionally killed, a requirement to sustain a cause of action under section 2—6 of the Probate Act. 755 ILCS 5/2—6 (West 1998). Respondent relied on the death certificate as "other affirmative matter avoiding the legal effect of or defeating the claim." 735 ILCS 5/2—619(a)(9) (West 1998). Since the death certificate was attached as an exhibit to the complaint, the grounds for dismissal appear on the face of the pleading and respondent's motion did not require an affidavit. 735 ILCS 5/2—619(a) (West 1998). But a review of the briefs submitted on appeal shows that the parties argued assuming a section 2—615 dismissal. We will proceed under the same assumption but note that, even if dismissal was under section 2—619(a)(9), reversal is still warranted.

■ We review a dismissal under section 2—615 *de novo*. *Neade v. Portes*, 193 Ill. 2d 433, 439, 739 N.E.2d 496 (2000). We take as true all well-pled facts and reasonable inferences therefrom and consider only those facts in the pleading and included in attached exhibits. *Weatherman*, 186 Ill. 2d at 491. We will not affirm dismissal of a complaint unless it is clear that a plaintiff cannot prove a set of facts that will entitle him to the relief sought. *Board of Directors of Bloomfield Club Recreation Ass'n v. The Hoffman Group, Inc.*, 186 Ill. 2d 419, 424, 712 N.E.2d 330 (1999). Against this backdrop, the following facts are taken as true.

Petitioner, David Malbrough, is Ira Malbrough's brother. Ira had been married to respondent, Graciella Malbrough, for 20 years when he died on April 15, 1998. Ira's health began to deteriorate in 1980 when he became blind. Ira suffered a stroke in 1997, after which he became completely dependent on respondent for full-time personal care. Ira relied on respondent to provide him food, liquids and medicine, and to maintain an operational oxygen machine in place. Ira remained mentally aware despite his poor health.

Ira received in-home care from Advocate Home Health Services after his stroke in 1997. Caregivers who observed Ira at home said that he was receiving " 'grossly inadequate' " care that had reached " 'crisis proportions' " and was " 'life threatening.' " The caregivers believed that Ira was regularly denied food, liquid and oxygen. Affidavits attached to the complaint attest that caregivers regularly found Ira's oxygen machine turned off, leaving him unresponsive with blue lips and fingertips. Caregivers also noted that Ira would beg them for food and water and that his soiled linens were not changed. They recommended that respondent place Ira in a hospital where his care could be monitored. Respondent repeatedly refused. Caregivers also noted respondent's increasing animosity toward them and Ira.

Ira was examined by a doctor on April 1, 1998, in connection with a guardianship proceeding begun on his behalf. The doctor recommended approval of guardianship. Petitioner began guardianship proceedings on April 9, 1998. An order entered on that date required respondent to cooperate with hospitalization of Ira. Ira was then removed from his home and admitted to the hospital. Ira died on April 15, 1998. Petitioner alleged that Ira's condition was never diagnosed as terminal. Renal failure and congestive heart failure were listed as the cause of Ira's death. Renal failure is brought on by prolonged denial of food and liquid.

Respondent, as surviving spouse and principal beneficiary under Ira's will, stands to inherit up to $3 million. Petitioner alleged that respondent intentionally and unjustifiably caused Ira's death by giving

him grossly inadequate care, disqualifying herself from inheriting under Ira's will under section 2—6 of the Probate Act. 755 ILCS 5/2—6 (West 1998).

Respondent filed a motion to dismiss petitioner's amended complaint for failure to state a cause of action. The trial court granted the motion, giving rise to this appeal.

■ Section 2—6 of the Probate Act prohibits "[a] person who intentionally and unjustifiably causes the death of another [from receiving] property, benefit, or other interest by reason of the death, whether as heir, legatee, beneficiary, joint tenant, survivor, appointee or in any other capacity." 755 ILCS 5/2—6 (West 1998). A party must prove that the testator is dead and that the testator was intentionally and unjustifiably killed by the challenged beneficiary. *Eskridge v. Farmers New World Life Insurance Co.*, 250 Ill. App. 3d 603, 609, 621 N.E.2d 164 (1993).

Respondent argues that the complaint alleges not facts, but "gossip, innuendo and speculation" and makes "unfounded and unsupported" allegations about respondent's marital relationship to decedent. Respondent concludes that, when these improper allegations are disregarded, all that remains is the uncontested fact that decedent died at the age of 90 of natural causes as set out in the death certificate. We disagree.

Respondent's argument overlooks the affidavits attached to the complaint that set out with specificity the alleged instances of abuse and neglect supporting the allegations in the complaint. These affidavits were submitted by Ira's professional health care providers who expressed opinions about his lack of proper care. These statements were incorporated into the complaint and are taken as true in a motion to dismiss. *Weatherman,* 186 Ill. 2d at 491. Petitioner alleges that respondent repeatedly denied Ira food, liquid and oxygen and was steadfastly opposed to placing Ira in a hospital where his needs could be monitored. Only after a guardianship proceeding was filed and respondent was ordered to allow Ira to be hospitalized did Ira begin to receive the care needed. But, as petitioner alleges, by then it was too late and Ira died of renal and congestive heart failure. Petitioner alleges that renal failure is brought on by prolonged periods of food and liquid denial. Taking these allegations in the light most favorable to petitioner and drawing all reasonable inferences therefrom, we cannot conclude that petitioner failed to state a claim under section 2—6 of the Probate Act. Our conclusion is supported by our decision in *Eskridge,* a case on which respondent heavily relies.

*Eskridge* was an interpleader action where the entitlement to proceeds from three insurance policies was at issue. *Eskridge,* 250 Ill.

App. 3d at 605. The plaintiff was the insured's estranged husband and the named beneficiary under the three polices. The insured's children from an earlier marriage sought to disqualify the plaintiff from receiving the proceeds, claiming that the plaintiff had intentionally and unjustifiably caused the insured's death. *Eskridge*, 250 Ill. App. 3d at 604.

The complaint in *Eskridge* was not tested by a motion to dismiss, but proceeded to trial. The trial court found, based on the evidence presented, that the plaintiff had intentionally and unjustifiably caused the insured's death. We affirmed that finding on appeal. *Eskridge*, 250 Ill. App. 3d at 610-12. Respondent claims that *Eskridge* is distinguishable because homicide could not be ruled out as the cause of death in that case, whereas the death certificate here lists the cause of death as natural causes. Respondent misses the instructive significance of the *Eskridge* decision.

■ The proof in *Eskridge* was "completely circumstantial." *Eskridge*, 250 Ill. App. 3d at 610. The facts alleged in the complaint here are also circumstantial. Circumstantial evidence is the proof of certain facts and circumstances from which a fact finder may infer other connected facts which usually and reasonably follow according to the common experience of mankind. *Eskridge*, 250 Ill. App. 3d at 610, citing *People v. Rhodes*, 85 Ill. 2d 241, 248-49, 422 N.E.2d 605 (1981). The theory alleged here is that respondent's conduct of neglecting Ira's basic needs and giving inadequate care, as documented by several caregivers, manifested an intent to cause and actually did cause Ira's death. The facts alleged supporting this theory are set out with the requisite specificity. They are taken as true for purposes of this appeal and support an inference that respondent unjustifiably and intentionally caused Ira's death. That is all that section 2—615 of the Code requires.

To the extent that the dismissal can be read as one under section 2—619(a)(9) of the Code, reliance on the death certificate as affirmative matter was misplaced. Respondent's argument that the death certificate attributing Ira's death to natural causes establishes that the death was not intentional as a matter of law overlooks that only those undisputed facts susceptible to a single inference become issues of law. *Caterpillar Tractor Co. v. Industrial Comm'n*, 129 Ill. 2d 52, 60, 541 N.E.2d 665 (1989). We have found no case, nor has respondent cited to one, holding that a death certificate precludes an inquiry into the cause of death as a matter of law. The death certificate establishes only the fact of death. The cause of death—natural or intentional—is disputed by the parties and is the pivotal question of fact for the trier of fact. *Kedzie*, 156 Ill. 2d at 116.

The judgment of the trial court is reversed. The case is remanded for further proceedings.

Reversed and remanded.

GORDON and McBRIDE, JJ., concur.