# ILLINOIS OFFICIAL REPORTS

## Appellate Court

---

### *Johannesen v. Eddins*, 2011 IL App (2d) 110108

---

| | |
|---|---|
| Appellate Court Caption | JAMES L. JOHANNESEN AND BARBARA R. JOHANNESEN, Plaintiffs-Appellants, v. SAMUEL EDDINS, Defendant-Appellee. |
| District & No. | Second District<br>Docket No. 2-11-0108 |
| Filed | December 28, 2011 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | In an action arising from plaintiffs' attempt to construct a new house next to defendant's residence, the trial court erred in dismissing plaintiffs' action alleging that defendant breached the agreement he allegedly made with plaintiffs to support plaintiffs' application for a variance and forgo any challenge to the calculation of the setback requirements by the city building department, notwithstanding defendant's reliance on the Illinois Citizen Participation Act, since defendant's actions in challenging plaintiffs' efforts to construct the house were not immunized from liability by the Act where issues of material fact existed as to whether defendant did enter into the alleged agreement. |
| Decision Under Review | Appeal from the Circuit Court of Du Page County, No. 10-L-219; the Hon. John T. Elsner, Judge, presiding. |
| Judgment | Reversed and remanded. |

Counsel on
Appeal

James R. Figliulo and Joseph A. Donado, both of Figliulo & Silverman, P.C., of Chicago, for appellants.

Robert T. O'Donnell and Adam M. Kingsley, both of O'Donnell Law Firm, Ltd., of Libertyville, for appellee.

Panel

JUSTICE McLAREN delivered the judgment of the court, with opinion.
Justices Hutchinson and Burke concurred in the judgment and opinion.

**OPINION**

¶ 1 Plaintiffs, James and Barbara Johannesen, appeal from the trial court's dismissal of their first amended complaint. We reverse and remand.

¶ 2 I. BACKGROUND

¶ 3 On February 18, 2010, plaintiffs filed their initial complaint, which they subsequently amended. Their first amended complaint alleged that on February 27, 2006, plaintiffs purchased the property located at 222 E. Fourth Street in Hinsdale. Defendant, Samuel Eddins, owned the property at 202 E. Fourth, immediately west of plaintiffs' property. Plaintiffs intended to replace the house located on the property with a larger house. They hired an architect, who requested a determination as to appropriate front setback and corner sideyard requirements from the Hinsdale building department. The building department calculated that a front setback of 85 feet and a corner sideyard of 54.78 feet were proper.

¶ 4 Defendant contacted plaintiffs and offered to assist them in obtaining any zoning variances they needed to build their new house. Plaintiffs told him that no variances were necessary, because the planned house fit into the building envelope that the building department had calculated. Defendant told them that he thought that the building department's calculations were incorrect and that the front setback should have been greater. Defendant also wanted plaintiffs to obtain a corner sideyard variance so that their house could be built farther to the east, away from his property, to enhance the sightlines from his house.

¶ 5 On June 11, 2006, plaintiffs, defendant, another neighbor, and a lawyer met to discuss plaintiffs' building plans. At that meeting, plaintiffs and defendant "reached a mutual agreement" that plaintiffs would accommodate defendant's request to move the house farther east; in exchange, defendant agreed that he would support plaintiffs' application for a variance and would forgo any challenge to the building department's calculation of the front setback requirement. Defendant confirmed this agreement in a telephone call the next day.

Plaintiffs applied for a variance. Defendant signed the application as a "Nominal Applicant" and was also listed as an "amicus curiae 'Nominal Applicant.' "

¶ 6    Plaintiffs alleged that, both prior to and after the Hinsdale Zoning Board's consideration of their application, defendant engaged in a series of *ex parte* communications with David Cook, the Hinsdale village manager, with the goal of getting Cook to overturn the building department's front setback calculation. Cook did issue a determination letter in which he found that calculation to be incorrect; he recalculated the front setback to be 144 feet instead of 85 feet. Plaintiffs could not build the house that they had designed for the property.

¶ 7    Plaintiffs appealed to the Hinsdale Zoning Board of Appeals, which found that Cook's calculation was not an abuse of discretion. Defendant actively solicited opposition to this appeal, encouraging neighbors to challenge the appeal, hiring a lawyer to oppose the appeal, and attempting to remove the appeal from the board's agenda. During the pendency of the appeal, defendant twice offered to buy the property for "significantly less" than what plaintiffs paid for it and told them that he would leave the property vacant in order to expand the grounds of his property. Eventually, the board granted variations establishing an eastern sideyard setback of 32 feet and a front setback of 126 feet. Plaintiffs built a "significantly different, and smaller home than originally designed, and in a significantly different location" on the property. Plaintiffs alleged that they incurred extra costs for redesigning their house, additional costs of labor and materials because of the delay in construction, and diminished market value.

¶ 8    Plaintiffs filed an initial six-count complaint, alleging causes of action for: (I) breach of contract; (II) breach of implied contract; (III) promissory estoppel; (IV) equitable estoppel; (V) unjust enrichment; and (VI) fraudulent inducement. All counts referenced defendant's agreement to forgo any challenge to the building department's front setback calculation. Defendant filed a combined motion to dismiss pursuant to section 2-619.1 of the Code of Civil Procedure (Code) (735 ILCS 5/2-619.1 (West 2008)). The motion was also brought pursuant to the Illinois Citizen Participation Act (Act) (735 ILCS 110/1 *et seq.* (West 2008)) and argued that the motion should be decided under the standards and procedures set forth in section 20 of the Act.

¶ 9    In arguing the motion, defendant noted that, while the motion was brought on several bases, it was "primarily *** for the reason that the Citizen Participation Act precludes this sort of complaint." The trial court concluded that "the mandate of Section 20 c [*sic*] of the [A]ct provides that a dismissal must be granted" and dismissed the complaint.

¶ 10    Plaintiffs filed an amended complaint alleging the same six causes of action. Plaintiffs attached several exhibits, including: (1) a copy of the variance application, signed by defendant as "Nominal Applicant"; and (2) a copy of a document from Cook, which stated in part:

"Specifically to your case, a resident (Sam Eddins) formally requested a Code interpretation per section 11-501 of the Hinsdale Zoning Code. After my review of the specifics on the matter and consultation with our Village Attorney, my determination was that the original front yard setback for 222 E. Fourth Street was incorrectly computed and that it be recalculated based upon the criteria in my June 27, 2006 memo to Rob

McGinnis."

¶ 11    Again, defendant filed a combined motion to dismiss under section 2-619.1 that also included argument regarding the Act. On September 30, 2010, the trial court granted defendant's motion to dismiss. The court "assumed to be true for the purpose of this case" plaintiffs' argument that defendant was deceitful and dishonest and that his conduct was hypocritical and not genuine. However, the court found that defendant's participation in the zoning process regarding plaintiffs' property was "not frivolous" under the Act and granted the motion to dismiss. The trial court subsequently denied plaintiffs' motion to reconsider, and this appeal followed.

¶ 12                                    II. ANALYSIS

¶ 13    Plaintiffs contend that the trial court erred in dismissing their first amended complaint. Defendant brought a combined motion to dismiss under section 2-619.1 of the Code (735 ILCS 5/2-619.1 (West 2008)). Section 2-619.1 allows a litigant to combine motions to dismiss brought under sections 2-615 and 2-619. *Storm & Associates, Ltd. v. Cuculich*, 298 Ill. App. 3d 1040, 1046 (1998). In addition, this court has found that such a combined motion may also include a motion to dismiss brought pursuant to the Act. See *Sandholm v. Kuecker*, 405 Ill. App. 3d 835, 846 (2010). Although defendant brought his motion to dismiss under sections 2-615 and 2-619 along with the Act, the trial court clearly dismissed the first amended complaint pursuant to the Act.

¶ 14    The public policy behind the Act, quoted in relevant part, is as follows:

"Civil actions for money damages have been filed against citizens and organizations of this State as a result of their valid exercise of their constitutional rights to petition, speak freely, associate freely, and otherwise participate in and communicate with government. There has been a disturbing increase in lawsuits termed 'Strategic Lawsuits Against Public Participation' in government or 'SLAPPs' as they are popularly called.

The threat of SLAPPs significantly chills and diminishes citizen participation in government, voluntary public service, and the exercise of these important constitutional rights. This abuse of the judicial process can and has been used as a means of intimidating, harassing, or punishing citizens and organizations for involving themselves in public affairs.

It is in the public interest and it is the purpose of this Act to strike a balance between the rights of persons to file lawsuits for injuries and the constitutional rights of persons to petition, speak freely, associate freely, and otherwise participate in government; to protect and encourage public participation in government to the maximum extent permitted by law; to establish an efficient process for identification and adjudication of SLAPPs; and to provide for attorney's fees and costs to prevailing movants." 735 ILCS 110/5 (West 2008).

The Act applies to:

"any motion to dispose of a claim in a judicial proceeding on the grounds that the claim is based on, relates to, or is in response to any act or acts of the moving party in

furtherance of the moving party's rights of petition, speech, association, or to otherwise participate in government." 735 ILCS 110/15 (West 2008).

Acts in furtherance of such rights "are immune from liability, regardless of intent or purpose, except when not genuinely aimed at procuring favorable government action, result, or outcome." 735 ILCS 110/15 (West 2008). Upon the filing of such a motion, a court shall grant the motion and dismiss the judicial claim "unless the court finds that the responding party has produced clear and convincing evidence that the acts of the moving party are not immunized from, or are not in furtherance of acts immunized from, liability by this Act." 735 ILCS 110/20(c) (West 2008).

¶ 15    This court has found a motion brought pursuant to the Act to be similar to a motion to dismiss under section 2-619, since it does not attack the legal sufficiency of the claim but instead provides another method to defeat the plaintiff's claim. See *Sandholm*, 405 Ill. App. 3d at 846. A section 2-619 motion admits the legal sufficiency of the complaint but asserts some affirmative matter that avoids or defeats the plaintiff's claim. *Sandholm*, 405 Ill. App. 3d at 846. Likewise, when considering a motion to dismiss under the Act, we consider the facts of the plaintiff's claim to be legally sufficient. *Sandholm*, 405 Ill. App. 3d at 846.

¶ 16    Further applying the section 2-619 analysis, a court must construe the pleadings and supporting documents in the light most favorable to the nonmoving party. *Sandholm*, 405 Ill. App. 3d at 847. A section 2-619 motion admits the legal sufficiency of the complaint along with all well-pleaded facts and reasonable inferences drawn from those facts. *Mutual Management Services, Inc. v. Swalve*, 2011 IL App (2d) 100778, ¶ 4. In ruling on such a motion, the court may consider pleadings, depositions, and affidavits on record. *Sandholm*, 405 Ill. App. 3d at 847. The purpose of a section 2-619 motion is to dispose of issues of law and easily proved issues of fact early in the litigation. *Sandholm*, 405 Ill. App. 3d at 847. On appeal from a decision regarding a section 2-619 motion, the reviewing court must consider whether the existence of a genuine issue of material fact should have precluded the dismissal or, absent such an issue of fact, whether dismissal was proper as a matter of law. *Sandholm*, 405 Ill. App. 3d at 847. Our review is *de novo. Sandholm*, 405 Ill. App. 3d at 847.

¶ 17    Although we have used section 2-619 as a guideline for motion-to-dismiss proceedings under the Act, section 20(c) of the Act shifts the burden in such proceedings. While a defendant has the burden of proving an affirmative defense in a section 2-619 motion to dismiss, section 20(c) provides that a court shall grant the motion and dismiss "unless the court finds that the responding party has produced clear and convincing evidence that the acts of the moving party are not immunized from, or are not in furtherance of acts immunized from, liability by this Act." 735 ILCS 110/20(c) (West 2008). The *Sandholm* court did note that, even in a section 2-619 proceeding, where the burden is on the defendant to prove that an affirmative defense applies, the burden "shifts to the plaintiff to show that the defense is unfounded or requires the resolution of an issue of material fact before it is proven." *Sandholm*, 405 Ill. App. 3d at 849.

¶ 18    Plaintiffs first argue that the trial court erred in dismissing their first amended complaint because defendant had waived whatever first amendment rights that he might have had to participate in the government's consideration of the zoning applied to their property and

should have been precluded from asserting a defense under the Act. Plaintiffs alleged that on June 11, 2006, they and defendant "reached a mutual agreement" that plaintiffs would accommodate defendant's request to move the house farther east and, in exchange, defendant would support plaintiffs' application for a variance and would forgo any challenge to the building department's calculation of the front setback requirement. Defendant and his wife were also listed on the variance application as "amicus curiae 'Nominal Applicants,' " and defendant signed the application as "Nominal Applicant." According to plaintiffs, by agreeing to forgo any challenge to the setback calculations and to support plaintiffs' variance application, defendant waived his first amendment rights regarding those issues; thus, the Act does not provide defendant with a defense such that dismissal was appropriate.

¶ 19     We first note that the trial court failed to address this argument although it was clearly raised in plaintiffs' brief in opposition to the motion to dismiss. Instead, the trial court ruled only that defendant's participation in the zoning process was "not frivolous" under the Act and granted the motion to dismiss.

¶ 20     We conclude that the trial court erred in granting the motion to dismiss. As we have stated, the purpose of a section 2-619 motion to dismiss is to dispose of issues of law and easily proved issues of fact early in the litigation; we must consider whether the existence of a genuine issue of material fact should have precluded the dismissal or, absent such an issue of fact, whether dismissal was proper as a matter of law. See *Sandholm*, 405 Ill. App. 3d at 847. As brought and decided under the Act in this case, defendant's motion seeks to dispose of the issue of whether "the acts of the moving party[, *i.e.*, defendant's challenge of the setback calculation,] are not immunized from, or are not in furtherance of acts immunized from, liability by this Act." 735 ILCS 110/20(c) (West 2008).

¶ 21     Defendant's position is that his contacts with government officials regarding the setback calculation on plaintiffs' property were in furtherance of his rights of petition, speech, association, or to otherwise participate in government and are thus immune from liability under the Act. See 735 ILCS 110/5 (West 2008). Plaintiffs' position in opposition to this is that defendant, by entering into the agreement not to challenge the setback calculation and instead to endorse the variance application, waived his rights of petition, speech, association, or to otherwise participate in government as they related to the setback calculation. This issue is neither an easily proved issue of fact nor an issue of law that is suitable to a section 2-619-type analysis.

¶ 22     Plaintiffs' underlying causes of action and their defense to the motion to dismiss are both based on the alleged existence of an oral contract under which defendant agreed not to contest the setback calculation. The existence of an oral contract, its terms, and the intent of the parties are questions of fact. *Laughlin v. France*, 241 Ill. App. 3d 185, 195 (1993). Material issues of fact exist regarding the alleged oral contract. The existence of an alleged oral contract requires the presentation of testimony, not mere argument by attorneys. The complaint and plaintiffs' defense to the Act are too intertwined for the complaint to be amenable to dismissal under the Act or section 2-619. Only by resolving issues of fact underlying plaintiffs' complaint can the court determine if defendant did or did not waive his rights such that his actions are immunized from liability; only after such a determination is made is the issue of whether defendant's actions were genuinely aimed at procuring

-6-

favorable government action, under section 15 of the Act, even relevant. We cannot conclude, as a matter of law, that defendant's actions were immunized from liability by the Act, because issues of material fact exist as to whether defendant actually entered into an agreement and, if so, what he actually agreed to do.

¶ 23       Further, the case law of this state does not support defendant's position such that, as a matter of law, his motion to dismiss should have been granted. It is generally accepted that parties may contract away rights, even those of constitutional or statutory dimension. See *Gaylor v. Village of Ringwood*, 363 Ill. App. 3d 543, 549 (2006). Defendant notes in his brief that "no Illinois court has addressed whether an individual can contract away his or her rights under the Act and, if so, what type of contract or agreement is required to demonstrate knowing waiver." However, he "acknowledges" that other states with comparable statutes "have recognized that, under some circumstances, a defendant can waive his or her right to immunity under the Act [*sic*] by entering into a contract prior to his communication with the governmental entity." For example, in *Middle-Snake-Tamarac Rivers Watershed District v. Stengrim*, 784 N.W.2d 834 (Minn. 2010), after years of litigation, the district and various landowners, including Stengrim, entered into a settlement agreement, one provision of which was that the landowners agreed that they would " 'address no further challenges in litigation or otherwise' " to the establishment of a district project. *Stengrim*, 784 N.W.2d at 837. The district subsequently sought an order disgorging Stengrim of his share of the settlement proceeds because he breached the agreement by, among other things, attempting to interfere with funding for the project and making statements with the intent of harming the project. *Stengrim*, 784 N.W.2d at 837. Stengrim filed a motion to dismiss that lawsuit (an anti-SLAPP motion) under the Minnesota version of the Act, arguing that the suit targeted him for public participation and speech that was immune from liability under the statute and not prohibited by the settlement agreement. The trial court denied both Stengrin's anti-SLAPP motion and the district's motion for summary judgment, finding that issues of material fact still existed. *Stengrim*, 784 N.W.2d at 838.

¶ 24       The Minnesota Supreme Court noted that preexisting legal relationships, such as those based on a settlement agreement in which a party waives certain rights, may legitimately limit a party's public participation. *Stengrim*, 784 N.W.2d at 842. The court concluded that a trial court:

> "has the authority to deny a defendant's anti-SLAPP motion where a defendant has entered into a settlement agreement and contractually agreed not to hinder the establishment of a project, thereby waiving certain rights to public participation, but retaining others, and the court determines that there are genuine issues of material fact about the settlement agreement's effect on the defendant's public participation rights." *Stengrim*, 784 N.W.2d at 842.

¶ 25       *Stengrim* is remarkably similar to the case before us, and we find it persuasive. Defendant's signature on the application for the variance is evidence of a settlement agreement as in *Stengrim*. We can see no reason why a party cannot waive rights under the Act based on a preexisting legal relationship. We are not persuaded by defendant's argument that the fact that the alleged contract in our case is oral, rather than written, in any way affects the ability to waive such rights. If anything, the allegation of an oral contract raises more

issues of fact and makes this case even less amenable to dismissal under the Act. We conclude that genuine issues of material fact remained such that, as a matter of law, the trial court erred in granting defendant's motion to dismiss.

¶ 26 Both parties also address the issue of whether plaintiffs stated causes of action in their first amended complaint so as to survive defendant's motion to dismiss pursuant to section 2-615. This case is an exemplar of the potential dangers of bringing combined motions to dismiss. While such motions are authorized by statute, this "is not a legislative authorization for hybrid motion practice." *Storm & Associates*, 298 Ill. App. 3d at 1046.

¶ 27 A motion under section 2-615 attacks the sufficiency of the complaint and questions whether it states a cause of action upon which relief can be granted. *Storm & Associates*, 298 Ill. App. 3d at 1046. For purposes of appeal, all well-pleaded facts within the four corners of the complaint are regarded as admitted and true, along with all reasonable inferences drawn in the light most favorable to the plaintiff. *Bank of Northern Illinois v. Nugent*, 223 Ill. App. 3d 1, 9 (1991). The ultimate facts to be proved must be alleged, and no evidentiary support or conclusions drawn from the allegations should be considered. *Bank of Northern Illinois*, 223 Ill. App. 3d at 9.

¶ 28 A section 2-619 motion admits the legal sufficiency of the complaint along with all well-pleaded facts and reasonable inferences drawn from those facts; it assumes that a cause of action has been stated but asserts that the claim is defeated by other affirmative matter. *Mutual Management Services*, 2011 IL App (2d) 100778, ¶¶ 4-5. In deciding a section 2-619 motion, a court is to interpret all pleadings in the light most favorable to the nonmoving party. *Mutual Management Services*, 2011 IL App (2d) 100778, ¶ 4. In addition to the pleadings, the court may consider depositions and affidavits. *Doe v. University of Chicago*, 404 Ill. App. 3d 1006, 1009 (2010).

¶ 29 While appellate review of decisions regarding motions brought under either section is *de novo*, these motions differ significantly. *Mutual Management Services*, 2011 IL App (2d) 100778, ¶ 5. All well-pleaded facts of the complaint are admitted and taken as true in both motions; however, the legal sufficiency of the complaint is disputed in a section 2-615 motion but admitted in a section 2-619 motion. *Bank of Northern Illinois*, 223 Ill. App. 3d at 7. The better practice is for a court to entertain the section 2-615 motion first, and then, only after a legally sufficient cause of action has been found, entertain the section 2-619 motion with affidavits filed in support. *Janes v. First Federal Savings & Loan Ass'n*, 57 Ill. 2d 398, 406 (1974) (regarding a motion for summary judgment).

¶ 30 The inclusion of a motion to dismiss under the Act along with the section 2-615 and section 2-619 motions to dismiss further muddies the waters of motion practice. The Act seeks "to establish an efficient process for identification and adjudication of SLAPPs." 735 ILCS 110/5 (West 2008). However, by attempting to efficiently adjudicate these actions, the Act necessarily encourages trial courts to handle motions out of order, dealing with motions that admit the sufficiency of the complaint and contain depositions and affidavits before, if necessary, addressing a section 2-615 motion that disputes the legal sufficiency of the claim and does not allow for consideration of anything outside of the complaint.

¶ 31 Here, the trial court clearly ruled only on the motion to dismiss brought under the Act.

It never considered whether plaintiffs stated causes of action in any of the six counts of the first amended complaint. We decline to address these arguments that were raised but not considered in the trial court.

¶ 32                                    III. CONCLUSION

¶ 33        For these reasons, the judgment of the circuit court of Du Page County is reversed, and the cause is remanded for further proceedings consistent with this opinion.

¶ 34        Reversed and remanded.